NO. 07-04-0093-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 20, 2005



______________________________




KATHERINE MARIE HEDGLIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B14451-0205; HONORABLE ED SELF, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Katherine Marie Hedglin brings this appeal from the revocation of her community
supervision. We affirm the revocation. Appellant was charged in a May 16, 2002 indictment
with the offense of forgery. On November 19, 2002, appellant was convicted on her plea
of guilty. Punishment was assessed at two years in a state jail facility, restitution of $300.00
and court costs. The confinement was suspended for a period of five years, conditioned on
appellant's compliance with the terms of her community supervision. 

 The State filed a motion to revoke appellant's community supervision on February
3, 2004, alleging several violations of the conditions of her community supervision. The
alleged violations included failure to abstain from the use of narcotics, failure to pay
restitution and fees, failure to complete community service, and failure to take a GED test
in the first year of her supervision.

 At a hearing on February 23, 2004, appellant pled true to the allegations that she
had failed to abstain from the use of narcotics, failed to complete community service and
failed to take a GED test. Appellant signed a stipulation of evidence acknowledging that
these allegations in the application to revoke probation were true and correct. Appellant
pled not true to allegations that she failed to pay restitution and fees. There is nothing in
the record to suggest that she was incompetent or that her pleas and stipulations were not
made knowingly, voluntarily and intelligently. 

 At the hearing's conclusion the court found appellant had violated the conditions of
her community supervision to which she plead true and found she had failed to pay
restitution and fees. The court ordered her to serve the original two year sentence imposed
on her conviction. She filed a notice of appeal and the trial court appointed counsel to
represent her on appeal. 

 The trial court certified that appellant has the right to appeal the revocation.
Appellant's counsel has filed a motion to withdraw, after filing a brief pursuant to Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed. 2d 493 (1967). Counsel has certified
that the record has been carefully and conscientiously reviewed and that in the opinion of
counsel, under the controlling authorities and facts of this case, there is no reversible error
or legitimate grounds for appeal. The record reflects that appellant was informed of her
rights to review the appellate record and file her own brief. This court informed appellant
that any pro se brief she cared to file had to be filed by June 24, 2004. The court has
received neither a pro se brief, response, or motion for an extension of time. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed
why the appeal was without merit. Counsel's legal analysis involved discussion of the
sufficiency of the evidence to support the revocation. As counsel notes, a plea of "true" to
any of the alleged violations in a motion to revoke is sufficient to support the trial court's
order of revocation. Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). We also
have conducted an independent review of the record to determine whether there are any
arguable grounds for appeal. Penson v. Ohio, 488 U.S. 75, 109 S.Ct 346, 102 L.Ed. 2d
300 (1988); Nichols v. State, 954 S.W.2d 83 (Tex.App.-San Antonio 1997, no pet.). We
have found no such grounds and agree with appellate counsel that the appeal is without
merit. Currie v. State, 516 S.W.2d 684 (Tex.Crim.App. 1974).

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed. 


 James T. Campbell

 Justice


Do not publish. 



State, 932 S.W.2d
296, 301 (Tex.App.-Austin 1996, pet. ref'd). Intent can be characterized as a contested
issue for purposes of justifying the admission of extraneous offense evidence if the
required intent for the primary offense cannot be inferred from the act itself or if the
accused presents evidence to rebut the inference that the required intent existed. Id. at
302. Intent is most clearly in issue when the defendant argues that the charged offense
was unintentional or the result of an accident. Id. 

 Appellant testified that Gary must have been injured while falling down the stairs. 
In fact, appellant testified that, "[I]t was an accident. I wasn't trying . . . to do nothing [sic],
you know, trying to stick him." Hence, the State, who has the burden to prove the offense
charged, is allowed to rebut appellant's claim of accident. Id. Once appellant claimed that
Gary was stabbed by accident, intent can no longer be inferred from other uncontested
direct evidence, and the State is allowed to prove intent through evidence of other crimes,
wrongs, or acts. See id. at 302. The State is also allowed to show other violent acts of the
defendant where the defendant was the aggressor. See id. Hence, the trial court could
have allowed the admission of the extraneous offense evidence as rebuttal of appellant's
contention that he lacked the requisite intent. See Tex. R. Evid. 404(b); Johnson, 932
S.W.2d at 301. Therefore, we conclude that the trial court did not err in admitting evidence
of the extraneous offenses. We overrule appellant's second issue.

Factual Sufficiency (1)
 

 When an appellant challenges the factual sufficiency of the evidence supporting his
conviction, the reviewing court must determine whether, considering all the evidence in a
neutral light, the jury was rationally justified in finding appellant guilty beyond a reasonable
doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing
a factual sufficiency review, we are to give deference to the fact finder's determinations if
supported by the record and may not order a new trial simply because we may disagree
with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a
new trial unless there is some objective basis in the record demonstrating that the great
weight and preponderance of the evidence contradicts the jury's verdict. See id. 
Additionally, an appellate opinion addressing factual sufficiency must include a discussion
of the most important evidence that appellant claims undermines the jury's verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). 

 Appellant's contention is that the State did not demonstrate that appellant intended
to produce the prohibited result. Appellant contends that he does not remember stabbing
Gary and believes Gary was accidentally stabbed when the two fell down the stairs. Thus,
appellant contends that the State has not shown that he "intentionally or knowingly" caused
the death of Gary. See Tex. Penal Code Ann. § 19.02(b)(1) (Vernon 2003). However,
the State presented other evidence to show that appellant had threatened others with
violence and that appellant had chased another individual with a knife when appellant
believed the individual had stolen money from him. The State also cross examined
appellant and pointed out inconsistencies in his testimony that Gary was the aggressor and
that Gary was threatening him. We, as an appellate court, are to defer to the fact finder's
determinations if supported by the record. The jury in this case had evidence that could
rationally justify a finding that appellant was guilty of intentionally and knowingly causing
the death of Gary. Hence, we conclude that the evidence is factually sufficient to support
appellant's conviction. We overrule appellant's first issue.

Conclusion

 For the foregoing reasons, we affirm. 


 Mackey K. Hancock

 Justice






 

Do not publish. 
1. Although appellant attempts to present his contention of factual sufficiency by
discussing a non-existent denial of a motion for instructed verdict, we will construe his
contention as simply raising factual sufficiency. See Tex. R. App. P. 38.9. See also Lewis
v. State, 193 S.W.3d 137, 141 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (when appellant
cites factual sufficiency law and applies it to his argument, the court may include a review
of factual sufficiency).