NO. 07-04-0488-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 29, 2005

_____

RICARDO CASTILLO, SR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A3865-0404; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Ricardo Castillo, Sr., appeals his conviction of aggravated sexual assault of a child and indecency with a child. We agree with appointed appellate counsel's conclusion that the record fails to show any meritorious issue which would support the appeal, and affirm the trial court's judgment.

The Swisher County Grand Jury returned a five-count indictment against appellant alleging that on or about February 21, 2004, appellant did then and there:

COUNT ONE

intentionally or knowingly cause the penetration of the female sexual organ of B.F., a child who was then and there younger than 14 years of age and not the spouse of the defendant by the defendant's finger,

COUNT TWO

did then and there, with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly engage in sexual contact with B.F. by touching the breast of B.F., a child younger than 17 years and not the spouse of the defendant,

COUNT THREE

did then and there, with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly engage in sexual contact with B.F. by touching the genitals of B.F., a child younger than 17 years and not the spouse of the defendant,

COUNT FOUR

did then and there, with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly expose the defendant's genitals, knowing that B.F., a child younger than 17 years and not the defendant's spouse, was present,

COUNT FIVE

did then and there, with the intent to arouse or gratify the sexual desire of said defendant, intentionally or knowingly cause B.F., a child younger than 17 years and not the defendant's spouse, to expose her genitals.

The jury found the appellant guilty on Counts One, Two and Three and not guilty on Counts Four and Five. After hearing evidence on punishment, the jury found the allegation in the enhancement paragraph of the indictment to be not true and assessed appellant's punishment for the offense of aggravated sexual assault of a child at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of five years,

2

and sentenced appellant to additional terms of confinement of two years each on the indecency with a child convictions under Counts Two and Three.

Appellant's appellate counsel has filed a brief stating that he has carefully reviewed the record in this case and concludes there is no reversible error and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45 (1967). The brief discusses the factual and procedural history of the case and evidence presented. Counsel also has filed a motion to withdraw and, by letter, informed appellant of his right to file a *pro se* brief. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex. App.–Waco, 1994, pet. ref'd).

By letter dated February 3, 2005, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel, granting him until March 3, 2005 to do so. This court's letter also reminded appellant to contact his counsel if he needed to review any part of the appellate record to prepare a response. On February 25, 2005, appellant filed a motion requesting an additional three months to file his brief. This court granted appellant's motion in part and extended the deadline for appellant's brief to April 4, 2005. Appellant has not filed a brief or other response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

In his *Anders* brief, counsel for appellant summarizes the testimony of each witness called during both the guilt/innocence phase and the punishment phase of trial, including the testimony of the victim and appellant. In conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson*, 885 S.W.2d at 645, the brief raises the issue whether the evidence was legally and factually sufficient for the jury to find that appellant committed the crimes as alleged in the indictment. After reviewing the evidence and setting forth the standards for appellate review of the legal and factual sufficiency of the evidence, counsel concludes the evidence is sufficient.

The record reflects conflicting versions of the events leading to appellant's prosecution. As noted, both appellant and the victim, who was thirteen at the time of the offense but fourteen by the time of trial, testified. The jury, being the judge of the facts and credibility of the witnesses, may choose to believe all, some, or none of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986). A jury's decision is not manifestly unjust merely because it resolved conflicting views of evidence in favor of the State. *Cain v. State*, 958 S.W.2d 404, 410 (Tex.Crim.App. 1997).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See Stafford*, 813 S.W.2d at 511. Upon review of the record, we also conclude the evidence was legally and factually sufficient to support appellant's conviction beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (stating that the standard for judging legal sufficiency questions is whether, when viewing the evidence in the light most favorable to

4

the prosecution, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004) (stating the standard for judging factual sufficiency questions is whether, when considering all of the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt).   We agree this appeal presents no meritorious grounds for review.  We grant counsel's motion to withdraw and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.