**Eddie NICHOLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–97–00030–CR.**

Court of Appeals of Texas, San Antonio.

July 23, 1997.

Vincent D. Callahan, San Antonio, for Appellant.

Eddie Nichols, San Antonio, pro se.

Laura Bohlman, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before HARDBERGER, C.J., and STONE and GREEN, JJ.

## OPINION

PER CURIAM.

Eddie Nichols filed a pro se notice of appeal from an order revoking his probation. Thereafter, the trial court appointed an attorney to represent Nichols' on appeal. Counsel filed an *Anders* brief on Nichols' behalf. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel did not, however, file a motion to withdraw as attorney. For the reasons that follow, we will order counsel to file a motion to withdraw.

### DISCUSSION

The Fourteenth Amendment guarantees criminal appellants the right to counsel on a

first appeal as of right. *See Douglas v. California*, 372 U.S. 353, 355, 83 S.Ct. 814, 815–16, 9 L.Ed.2d 811 (1963). Lawyers, however, are ethically bound not to bring frivolous appeals. *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S.Ct. 1895, 1900–01, 100 L.Ed.2d 440 (1988); TEX. DISCIPLINARY R. PROF. CONDUCT 3.01 (1989), *reprinted in* TEX. GOV'T CODE ANN., tit.2, subtit. G app. (Vernon Supp.1997). Recognizing the apparent conflict between these two principles, the Supreme Court has held that the Fourteenth Amendment does not require appointed counsel to press wholly frivolous arguments on behalf of indigent appellants. *See Penson v. Ohio*, 488 U.S. 75, 83–84, 109 S.Ct. 346, 351–52, 102 L.Ed.2d 300 (1988); *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. The Court explained:

> [I]f counsel finds [the] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.

*Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. The Court thus set out the procedures that apply to what have come to be known as "*Anders* appeals." We have previously described in general terms the procedural steps that must be followed in such appeals. *See Bruns v. State*, 924 S.W.2d 176, 177 n. 1 (Tex.App.—San Antonio 1996, no pet.). Nevertheless, as demonstrated in this case, confusion continues to exist regarding the duties of court and counsel in *Anders* appeals. We therefore take this opportunity to explain counsel's duty to file a motion to withdraw and this court's duties upon receiving the motion.

### 1. Duty of Counsel to Withdraw

■ When an appointed attorney determines there are no nonfrivolous grounds for appeal, the attorney has a duty to request permission to withdraw as counsel. *See McCoy*, 486 U.S. at 436–37, 108 S.Ct. at 1900–01. Thus, as we stated in *Bruns*, "If a court-appointed attorney determines an appeal to be frivolous, the attorney *shall* file a motion requesting permission to withdraw." 924 S.W.2d at 177 n. 1 (emphasis added); *see also Mays v. State*, 904 S.W.2d 920, 923 (Tex.App.—Fort Worth 1995, no pet.) ("[T]he court-appointed attorney who determines an appeal is frivolous [is called on] to request permission from the appellate court to withdraw."); *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex.App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant."); *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.—Waco 1994, pet. ref'd) ("After concluding that the appeal is frivolous, the attorney is under a *duty* to request permission from this court to withdraw from the appeal."); *Tellez v. State*, 880 S.W.2d 247, 248 (Tex.App.—El Paso 1994, no pet.) ("[O]nce concluding the appeal is frivolous, counsel must withdraw."). The duty to withdraw arises from the attorney's ethical obligation not to bring a frivolous appeal. *See McCoy*, 486 U.S. at 436–37, 108 S.Ct. at 1900–01; *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400.

■ The motion to withdraw must be accompanied by a brief, commonly referred to as an "*Anders* brief," in support of the motion. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400. The brief must demonstrate that counsel has conscientiously examined the record and determined that the appeal is so frivolous that the appellant is not entitled to counsel on appeal. *See Penson*, 488 U.S. at 81–82, 109 S.Ct. at 350–51; *McCoy*, 486 U.S. at 439 & n. 13, 108 S.Ct. at 1902 & n. 13. A proper *Anders* brief therefore must contain references to the record, citations to authority, and legal analysis. *See High v. State*, 573 S.W.2d 807, 812–13 (Tex.Crim.App. [Panel Op.] 1978); *Jeffery*, 903 S.W.2d at 779; *Johnson*, 885 S.W.2d at 646. The motion to withdraw must also be accompanied by an

exhibit showing that counsel provided the appellant with a copy of the *Anders* brief and informed the appellant that he or she has a right to review the record and file a pro se brief.[1] *See Johnson,* 885 S.W.2d at 646.

## 2. Duty of Court to Review Brief and Record

In *Bruns,* we stated that when an appellate court receives a motion to withdraw accompanied by an *Anders* brief, the court will "review the brief, and if it determines that the brief complies with the requirements of *Anders,* the motion to withdraw will be granted." 924 S.W.2d at 177 n. 1. This statement actually summarizes two distinct duties imposed on the court in *Anders* appeals. First, we must examine the brief and exhibits to determine whether counsel has complied with the procedural requirements described above. *See Johnson,* 885 S.W.2d at 647. If the brief does not contain references to the record, citations to authority, and legal analysis, we will order counsel to rebrief. If the motion to withdraw is not accompanied by an exhibit showing that counsel provided the appellant with a copy of the *Anders* brief and informed the appellant of the right to review the record and file a pro se brief, we will order counsel to supply such an exhibit. We will allow the appellant thirty days following our receipt of the motion to withdraw to file a pro se brief or a motion for extension of time to file a brief.

Second, after determining that *Anders'* procedural requirements have been satisfied, we must undertake an independent examination of the record to determine whether we agree with counsel's conclusion that the appeal is frivolous. *See id.* We will not rule on the motion to withdraw until our independent examination of the record is complete. *See Penson,* 488 U.S. at 82–83 & n. 6, 109 S.Ct. at 351 & n. 6; *Johnson,* 885 S.W.2d at 647. If our examination reveals that the appeal is indeed frivolous, we will grant counsel's motion to withdraw and issue an opinion disposing of the appeal. *See Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. If

our examination reveals that nonfrivolous grounds for appeal exist, we must still grant counsel's motion to withdraw because we cannot order counsel to brief and argue an appeal that counsel considers frivolous. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim.App.1991). In that situation, we will abate the appeal and remand the cause to the trial court with instructions to appoint a new attorney for the appellant. The new attorney will then be required to file a brief raising the nonfrivolous grounds we have identified, as well as any additional grounds that the attorney discovers. *See id.*

## 3. Conclusion

While we recognize that there has been confusion in the past regarding *Anders* appeals, hereafter we will follow the procedures described above and we will enforce the requirements imposed on counsel in such cases. In this case, counsel did not file a motion to withdraw. As the Dallas Court of Appeals has noted, "[b]y not filing a motion to withdraw, appellate counsel exhibited a basic, and common, misunderstanding about *Anders* cases." *Jeffery,* 903 S.W.2d at 778. Nevertheless, as explained above, counsel has a duty to file such a motion. We therefore order counsel to file a motion to withdraw as counsel within fifteen days of the date of this opinion.

---

1. As we suggested in *Bruns,* the best way for counsel to ensure the appellant understands his or her rights is to inform the appellant of the procedure for obtaining the record in the court of conviction. *See* 924 S.W.2d at 177 n. 1.