RICHIE V STATE

NO. 07-01-0434-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 21, 2002

______________________________

ANTONE RICHIE

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 180
th
 
DISTRICT COURT OF HARRIS COUNTY;

NO. 857,643; HON. LARRY FULLER, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before BOYD, C.J. QUINN, and  REAVIS, JJ

Antone Richie appealed, on May 24, 2001, 
his conviction for delivery of a controlled substance. 
 Eventually, the clerk’s record was filed October 17, 2001 and the reporter’s record on November 27, 2001.  These circumstances, when applied to the pertinent rule of appellate procedure, required that appellant file his brief by December 27, 2001. He did not.  On January 9, 2002, we informed appellant, by letter, of the December 27
th
 deadline and directed him to explain why he did not comply with same.  So too did we inform him that the cause would be abated pursuant to Texas Rule of Appellate Procedure 38.8(b) if such a response was not forthcoming within ten days.  The response received consisted of a motion to extend the deadline.  Same was granted, and the deadline was extended to February 13, 2002.  Like its predecessor, that date also lapsed without appellant complying with same or otherwise contacting the court and explaining why his brief had not been filed.

Consequently, we abate this appeal and remand the cause to the 180th
 District Court of Harris County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be served upon the parties and, thereafter, conduct a hearing to determine the following:

whether appellant desires to prosecute the appeal; 

2.   whether appellant is indigent; and,

whether appellant has been denied the effective assistance of counsel due to counsel’s failure to timely file a brief.   
See
 
Evitts v. Lucey
, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).  

The trial court is further ordered to execute findings of fact and conclusions of law addressing the foregoing subjects.  Should the trial court find that appellant desires to pursue this appeal, is indigent, and was denied effective assistance of counsel, then we also direct it to appoint  new counsel to assist appellant in the prosecution of the appeal.  The name, address, phone number, telefax number, and state bar number of the new counsel appointed to represent appellant must also be included in the court’s findings of fact and conclusions of law.  Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law, and 2) a reporter’s record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk’s record and reporter’s record to be filed with the clerk of this court on or before March 25, 2002.  Should additional time be needed to perform these tasks, the trial court may request same on or before March 25, 2002.

It is so ordered.

Per Curiam

Do not publish.

  true to the enhancement paragraphs. 
Consistent with the jury’s verdict on punishment, the court sentenced appellant to sixty years in each cause to run concurrently. 
This appeal followed.

The record reflects that the State presented thirteen witnesses and eighteen exhibits to show that appellant threatened Daidron Ray with imminent bodily injury by driving at him with an automobile.  The evidence also showed that on the same occasion appellant made use of a folding, lock-blade knife or a large stick, or both weapons,
(footnote: 2) to threaten Willie Ray with imminent bodily injury. 

        Appellant's appointed appellate counsel has filed a motion to withdraw and a brief in support pursuant to 
Anders v. California
, 386 U.S. 738 (1967), in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and facts of the cases, there is no reversible error or legitimate grounds on which a non-frivolous appeal can arguably be predicated.  The brief discusses in detail the procedural history of these two causes and the events at trial. Counsel also notes that a potential issue on which error may lie is in the sufficiency of evidence supporting the jury’s verdict of guilt.  Counsel has certified that a copy of the 
Anders
 brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a 
pro se
 response. 
Johnson v. State
, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). 

          By letter, this Court also notified appellant of his opportunity to submit a response to the 
Anders
 brief and motion to withdraw filed by his counsel.  Appellant filed a response raising legal and factual sufficiency of the evidence to support his conviction as well as an allegation that the trial court erred by not instructing the jury on the lesser-included offense of simple assault. The State has not filed a brief.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record in each matter.  
Nichols v. State
, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.).  If this Court determines either appeal has merit, we will remand it to the trial court for appointment of new counsel.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).
 

As noted, appellate counsel points to one ground on which a meritorious argument may lie on appeal.  Specifically, counsel notes potential legal and factual insufficiency of the evidence to support appellant’s conviction in each cause.  Appellant notes the same in his response.
(footnote: 3)  After a complete review of the record, however, we agree with appellate counsel that the grounds identified do not arguably support an appeal.

Appellant’s response points to conflicts in the testimony presented by various witnesses.  It is the province of the jury to resolve or reconcile conflicts in testimony, and the jury is privileged to believe all, some or none of the testimony of any particular witness.  
Wesbrook v. State,
 29 S.W.3d 103, 111 (Tex.Crim.App. 2000); 
Washington v. State,
 215 S.W.3d 551, 553 (Tex.App.–Texarkana 2007, no pet.).  

Our review convinces us that appellate counsel conducted a complete review of the record for each cause.  We have also made independent examinations of the entire record for each cause to determine whether there are any arguable grounds which might support the appeals from appellant’s convictions and sentences.  
We agree the records present no meritorious grounds for review.   Accordingly, we grant counsel's motion to withdraw
(footnote: 4) and affirm the judgments of the trial court.
 

James T. Campbell

          Justice

Do not publish.

FOOTNOTES
2:
3:
4: