NO. 07-04-0093-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 20, 2005

_____

KATHERINE MARIE HEDGLIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B14451-0205; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Katherine Marie Hedglin brings this appeal from the revocation of her community supervision. We affirm the revocation. Appellant was charged in a May 16, 2002 indictment with the offense of forgery. On November 19, 2002, appellant was convicted on her plea of guilty. Punishment was assessed at two years in a state jail facility, restitution of $300.00

and court costs. The confinement was suspended for a period of five years, conditioned on appellant's compliance with the terms of her community supervision.

The State filed a motion to revoke appellant's community supervision on February 3, 2004, alleging several violations of the conditions of her community supervision. The alleged violations included failure to abstain from the use of narcotics, failure to pay restitution and fees, failure to complete community service, and failure to take a GED test in the first year of her supervision.

At a hearing on February 23, 2004, appellant pled true to the allegations that she had failed to abstain from the use of narcotics, failed to complete community service and failed to take a GED test. Appellant signed a stipulation of evidence acknowledging that these allegations in the application to revoke probation were true and correct. Appellant pled not true to allegations that she failed to pay restitution and fees. There is nothing in the record to suggest that she was incompetent or that her pleas and stipulations were not made knowingly, voluntarily and intelligently.

At the hearing's conclusion the court found appellant had violated the conditions of her community supervision to which she plead true and found she had failed to pay restitution and fees. The court ordered her to serve the original two year sentence imposed on her conviction. She filed a notice of appeal and the trial court appointed counsel to represent her on appeal.

The trial court certified that appellant has the right to appeal the revocation. Appellant's counsel has filed a motion to withdraw, after filing a brief pursuant to *Anders*

*v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed. 2d 493 (1967). Counsel has certified that the record has been carefully and conscientiously reviewed and that in the opinion of counsel, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds for appeal. The record reflects that appellant was informed of her rights to review the appellate record and file her own brief. This court informed appellant that any *pro se* brief she cared to file had to be filed by June 24, 2004. The court has received neither a pro se brief, response, or motion for an extension of time.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed why the appeal was without merit. Counsel's legal analysis involved discussion of the sufficiency of the evidence to support the revocation. As counsel notes, a plea of "true" to any of the alleged violations in a motion to revoke is sufficient to support the trial court's order of revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). We also have conducted an independent review of the record to determine whether there are any arguable grounds for appeal. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct 346, 102 L.Ed. 2d 300 (1988); *Nichols v. State*, 954 S.W.2d 83 (Tex.App.–San Antonio 1997, no pet.). We have found no such grounds and agree with appellate counsel that the appeal is without merit. *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App. 1974).

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


James T. Campbell
Justice

Do not publish.