NO. 07-04-0460-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 8, 2005

_____

BRIAN ELEZAR ZAMBRANO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 44,069-C; HONORABLE PATRICK PIRTLE, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Brian Eleazar Zambrano appeals his conviction for the felony offense of aggravated assault. We will affirm the trial court's judgment.

Appellant was charged by an indictment alleging he shot Jason Rubino. The complaint reveals that appellant was the driver of a vehicle from which a passenger shot Rubino. He pled guilty on June 11, 2002 pursuant to a plea agreement providing for deferral of the adjudication of guilt for three years, conditioned on appellant's compliance

with specified terms and conditions. The trial court rendered an order deferring adjudication in conformity with the agreement.

The State moved to proceed with adjudication in June 2003 alleging appellant violated two conditions of the court's prior order. Appellant plead true to the violations alleged and, on the recommendation of the supervising probation officer, the court continued deferral of adjudication, adding 60 days confinement, completion of a "Batterer's Intervention Prevention Program," and limitation on visitation with his children until completion of that program.

The State filed a second motion to proceed with adjudication in July 2004. It alleged four violations, including assaulting a family member, failing to report as required, failing to report an arrest, and failing to make payments for court costs and his fine. On September 2, 2004, appellant again plead true to the violations alleged. The trial court granted the State's motion to adjudicate appellant's guilt and imposed sentence of four years confinement and a $2,000.00 fine. Appellant has perfected appeal from that order and counsel was appointed to represent him on appeal.

Appellant's counsel has filed a brief stating he has carefully reviewed the record in this case and concludes there is no reversible error and that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The brief discusses the factual and procedural history of the case. In conformity with counsel's obligation to support the appeal to the best of his ability, *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd), the brief discusses three potential complaints on

appeal and explains why they do not show reversible error. Appellant's counsel has advised the court appellant has been provided access to the appellate record. Counsel also has filed a motion to withdraw and by letter informed appellant of his right to file a pro se response. *Id.* at 646. By letter dated March 25, 2005, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel, granting him until April, 25, 2005, to do so. Appellant has not filed a response. The State has not filed a brief in this appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

The first two potential issues raised by counsel concern the effect of a failure of the trial court to advise appellant of the applicable range of punishment during the hearing adjudicating his guilt. The first issue discusses whether such failure shows appellant's plea was not knowing and voluntary. The second examines the same default as a violation of article 26.13(a) of the Code of Criminal Procedure. *See* Tex.Code.Crim. Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 2004).

Article 26.13(d) expressly authorizes the admonitions required by that statute to be given orally or in writing. The written plea admonishments signed by appellant on June 11, 2002 properly set out the range of punishment applicable to the offense charged. Appellant

was sentenced within that range. Article 26.13(a)(1) requires only that a court advise a defendant of the applicable punishment range before accepting a plea of guilty. It does not require the admonition be repeated prior to adjudicating guilt when adjudication has been deferred.

The third potential issue raised by counsel discusses the standards for determining whether a defendant has been denied reasonably effective assistance of counsel. That discussion does not make reference to the record indicating appellant's trial counsel's performance was deficient, or that any deficiencies in his performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 104, S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Our review convinces us that appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious grounds for review. We grant counsel's motion to withdraw and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

4