NO. 07-06-0471-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 9, 2007
_____

STEPHANIE MICHELLE GOODEN AKA
STEPHANIE MICHELLE BRITT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 51,536-B; HONORABLE JOHN BOARD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Stephanie M. Gooden appeals from the judgment of conviction for the offense of aggravated robbery,[1] enhanced, and assessment of punishment including confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine. We agree with appointed counsel's conclusion the record fails to show any meritorious issue which would support the appeal, and affirm the trial court's judgment.

_____

[1] *See* Tex. Pen. Code Ann. § 29.03(a)(3)(A) (Vernon 1994).

A July 2005 indictment charged appellant "while in the course of committing theft of property, and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause[d] bodily injury to Oliver Talley, a person 65 years of age or older by grabbing and struggling with Oliver Talley." The indictment also contained an enhancement paragraph, setting forth appellant's previous conviction of robbery. Appellant pled not guilty and this matter proceeded to trial in November 2006.

After the jury returned a verdict of guilty of the offense of aggravated robbery, appellant pled true to the enhancement paragraph and, consistent with the jury's verdict on punishment, the court sentenced appellant to twenty years of confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $3,500. This appeal followed.

Evidence at trial showed appellant and another person came to the apartment of eighty-year-old Oliver Talley, knocked him to the floor, and, after struggling with him, took money from his wallet. Talley testified his elbow and hand were injured in the struggle.

Appellant's appointed counsel has filed a motion to withdraw and a brief in support pursuant to *Anders v. California*, 386 U.S. 738, 744-745, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which she certifies that she has diligently reviewed the record and, in her professional opinion, under the controlling authorities and facts of this case, there is no reversible error or legitimate grounds upon which a non-frivolous appeal can arguably be predicated. The brief discusses the procedural history of the case and the evidence presented at trial. Counsel has certified that a copy of the *Anders* brief and motion to

withdraw have been served on appellant, and that counsel has advised appellant of her right to review the record and file a *pro se* response. *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, pet. ref'd). By letter, this court also notified appellant of her opportunity to submit a response to the *Anders* brief and motion to withdraw filed by her counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.–San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

Counsel's brief sets forth and discusses two potential issues with an explanation of why neither can support the appeal. Counsel first brings to our attention the trial court's overruling of appellant's two objections to the State's voir dire remarks, and then addresses the legal and factual sufficiency of the evidence supporting the jury's verdict. We agree that neither potential issue identified by counsel arguably supports the appeal.

Our review convinces us that appellate counsel conducted a complete analysis of the record. We have also made an independent examination of the record to determine whether there are any non-frivolous grounds on which an appeal could arguably be founded. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Stafford*, 813 S.W.2d at 511. We agree it presents no meritorious issue which would

support an appeal.  Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.


James T. Campbell
Justice



Do not publish.

_____

[2] Counsel shall, within five days after the opinion is handed down, send her client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  *See* Tex. R. App. P. 48.4.