*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★                             ★ ★ ★

**MEMORANDUM OPINION**

No. 04-07-00174-CV

**IN THE INTEREST OF I.D.** and A.E.Z.

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-PA-00881
Honorable Joe Frazier Brown, Jr., Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Justice
                Karen Angelini, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:   October 1, 2008

AFFIRMED

Guadalupe Z. appeals from the trial court's order rendered under Chapter 263 of the Texas

Family Code and from the court's order determining her appeal is frivolous. *See* TEX. FAM. CODE

ANN. § 263.401(d)(2) (Vernon 2002) (repealed 2007)[1] (final order for child under department care

includes order naming relative as child's managing conservator); *id.* § 263.405(d)(3) (Vernon Supp.

2008) (trial court shall hold hearing and determine whether appeal is frivolous). We affirm the

judgment of the trial court.

---

[1] Act of May 28, 1997, 75th Leg., R.S., ch. 600, § 17, sec. 263.401(d), 1997 Tex. Gen. Laws 2108, 2113, *repealed by* Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 5, 2007 Tex. Gen. Laws 1840, 1841. The former law continued in effect for suits filed before the effective date, June 15, 2007. Act of May 27, 2007, 80th Leg., R.S., ch. 866, § 6, 2007 Tex. Gen. Laws 1840, 1841.

Guadalupe's court-appointed appellate attorney filed a brief containing a professional evaluation of the record demonstrating there are no arguable grounds to be advanced. Counsel concludes that the appeal is without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738 (1967); *see In re R.R.,* No. 04-03-00096-CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio May 21, 2003, order) (applying *Anders* procedure to appeals from orders terminating parental rights), *disp. on merits,* 2003 WL 22080522 (Tex. App.—San Antonio Sept. 10, 2003, no pet.). A copy of counsel's brief was delivered to Guadalupe, who was advised of her right to examine the record and to file a *pro se* brief. *See Nichols v. State,* 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.). Guadalupe did file a *pro se* brief asserting that the evidence was insufficient to support the trial court's final order which "terminated" her parental rights.

We have reviewed the record, counsel's brief, and Guadalupe's *pro se* brief, and we agree the appellate points do not present a substantial question for appellate review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 13.003(b) (Vernon 2002); TEX. FAM. CODE ANN. § 263.405(d)(3) (incorporating section 13.003(b) by reference). To the contrary, the record affirmatively demonstrates that pursuant to a settlement agreement, Guadalupe's visitation rights with her children were restricted but her parental rights have not been terminated. We grant the motion to withdraw and affirm the trial court's judgment. *Nichols,* 954 S.W.2d at 85-86.

Phylis J. Speedlin, Justice