NO. 07-10-00117-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL B
 
--------------------------------------------------------------------------------
FEBRUARY 16, 2011
--------------------------------------------------------------------------------

 
 PERRY MARK BROADIE, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;
 
 NO. 56,376-E; HONORABLE DOUGLAS WOODBURN, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 MEMORANDUM OPINION
 
A jury convicted appellant Perry Mark Broadie of aggravated assault, by causing Billie Cain serious bodily injury, and sentenced him to seventeen years confinement in prison. His court-appointed appellate counsel has filed a motion to withdraw supported by an Anders brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.
According to evidence at trial, Cain was appellant's common law wife. After consuming substantial amounts of alcohol, appellant and Cain argued in the presence of a guest. The argument escalated. Appellant landed several blows to Cain's face. The couple's guest went to a nearby convenience store and telephoned 911. During the call he reported "a man" is "trying to kill his wife . . . And she can't get away from him he's already beat her up horrible."
EMS transported Cain to a local hospital. According to medical records, she presented with "[s]oft-tissue swelling on the right side of the face with left orbital floor blowout fracture." By the time of trial, over two and one-half years had passed since the event in question. Cain testified she experienced nerve damage on the right side of her face which continued causing pain and the loss of feeling. She described difficulty breathing when sleeping on her left side. She also described blurred vision, headaches, and facial pain during cold weather. 
Appellant testified that Cain cut him with a knife and he hit her in the face with his fist. A struggle over the knife ensued. As she tried to cut him he struck her again. The jury charge contained instructions and an application paragraph on self-defense. 
The jury found appellant guilty and after hearing punishment evidence sentenced him to seventeen years confinement in prison and assessed a $2,000 fine. The trial court certified appellant's right of appeal and this appeal followed.
Appellant's court appointed appellate counsel has filed a motion to withdraw supported by an Anders brief. In the brief, she certifies diligently reviewing the record and opines under the controlling authorities and facts of the cases no reversible error or legitimate ground for arguably predicating a non-frivolous appeal exists. The brief discusses in detail the procedural history of the case and the events at trial. Counsel discusses the applicable law and sets forth the reasons she believes no arguably meritorious issues for appeal exist. Counsel certifies that a copy of the Anders brief and her motion to withdraw were served on appellant, and counsel advised appellant of his right to review the record and file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. refused). By letter, this Court also notified appellant of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel. Appellant did not file a response.
In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record in each matter. Nichols v. State, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If we determine the appeal has arguable merit, we will remand it to the trial court for appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).
By the Anders brief, counsel raises grounds that could possibly support an appeal, but explains why none show reversible error. She concludes the appeal is frivolous. We have reviewed each ground and made an independent review of the entire record to determine whether arguable grounds supporting an appeal exist. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We find no arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.
Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the trial court.

 James T. Campbell
 Justice

Do not publish.