

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00422-CV

**IN THE INTEREST OF C.G.**, L.G., and P.G., Children

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-00699
Honorable Charles E. Montemayor, Judge Presiding[1]

Opinion by:    Marialyn Barnard, Justice

Sitting:        Catherine Stone, Chief Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  October 23, 2013

MOTIONS TO WITHDRAW GRANTED; AFFIRMED

Appellant father, L.G., and appellant mother, A.G., separately appeal the trial court's judgment terminating their parental rights to their children, C.G., L.G., and P.G. The Texas Department of Family and Protective Services ("the Department") moved to have L.G.'s parental rights terminated on a variety of grounds. *See* TEX. FAM. CODE ANN. §§ 161.001(1)(A)–(K), (N)–(P); 161.003(a) (West 2008 & Supp. 2012). The Department also moved to terminate A.G.'s parental rights on numerous grounds. *Id.* §§ 161.001(1)(A)–(G), (I)–(K), (N)–(P); 161.003(a). After a bench trial, the trial court found L.G.'s parental rights should be terminated because he: (1) knowingly placed or knowingly allowed the children to remain in conditions that endangered

---

[1] The Honorable Richard Price is the presiding judge of the 285th Judicial District Court of Bexar County, Texas. The termination order was signed by Associate Judge Charles E. Montemayor.

their physical or emotional well–being; (2) engaged in conduct or knowingly placed the children with people who engaged in conduct that endangered the children's' physical or emotional well–being; and (3) failed to comply with the provision of a court order that established the actions necessary for him to obtain the return of his children. *See id.* §§ 161.001(1)(D), (E), (O). The trial court also determined termination would be in the best interest of the children. *Id.* § 161.001(2). As to A.G., the trial court determined her parental rights should be terminated because she: (1) knowingly placed or knowingly allowed the children to remain in conditions that endangered their physical or emotional well–being; and (2) failed to comply with the provision of a court order that established the actions necessary for her to obtain the return of her children. *See id.* §§ 161.001(1)(D), (O). The trial court also determined termination would be in the best interest of the children. *Id.* § 161.001(2).

Appellants' court–appointed appellate attorneys each filed a motion to withdraw and a brief containing a professional evaluation of the record demonstrating there are no arguable grounds to be advanced and concluding the appeals are frivolous. The briefs meet the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, *4 (Tex. App.—San Antonio May 21, 2003, order) (applying *Anders* procedure to appeals from orders terminating parental rights), *disp. on merits*, 2003 WL 22080522 (Tex. App.—San Antonio Sept. 10, 2003, no pet.) (mem. op.). Appellants were each provided a copy of the briefs prepared by their attorneys and informed of their right to file their own briefs. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio July 23, 1997, no pet.); *In re R.R.*, 2003 WL 21157944, at *4. Neither L.G. nor A.G. filed a *pro se* brief.

We have reviewed the record and the attorneys' briefs, and we agree with counsel that the appellate points do not present a substantial question for appellate review with regard to either

L.G. or A.G.  Accordingly, we hold the trial court did not err in terminating appellants' parental rights.  We grant the motions to withdraw and affirm the trial court's judgment.

Marialyn Barnard, Justice