

# Fourth Court of Appeals
## San Antonio, Texas

January 8, 2014

No. 04-13-00622-CV

**IN THE INTEREST OF S.C., A CHILD,**

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-00414
Honorable Richard Garcia, Judge Presiding

# O R D E R

This is an appeal from the termination of appellant's parental rights. Appellant's court-appointed appellate attorney filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he concluded the record on appeal does not present any arguable, nonfrivolous grounds for appeal. In accordance with *Anders*, this court held the motion to withdraw in abeyance and set a deadline of November 27, 2013, for appellant to file a pro se brief. We subsequently granted appellant an extension of time until December 27, 2013, to file her pro se brief and sent her a copy of the appellate record.

Appellant has filed a motion seeking additional time in which to file her brief and the appointment of a new lawyer to help her with the appeal. We grant appellant's request for an extension and **order** appellant's pro se brief must be filed by **January 20, 2014**. Appellant is advised that **no further extensions of time will be granted.**

Appellant also requested another lawyer be appointed to assist her. However, for the reasons that follow, she is not entitled to the appointment of new counsel at this time. "Lawyers ... are ethically bound not to bring frivolous appeals." *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.) (citing *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988). Therefore, an indigent appellant is not entitled to appointed counsel if her appeal is wholly frivolous. *Anders v. California*, 386 U.S. 738, 744 (1967). Appointed counsel must make a conscientious review of the record to decide if it presents any nonfrivolous grounds for appeal. If this review convinces appointed counsel the appeal is wholly frivolous, he must file "a brief referring to anything in the record that might arguably support the appeal," provide the appellant with a copy of this brief, and ask this court for permission to withdraw. *Anders*, 386 U.S. at 744. This court must then provide the appellant with time to file a pro se brief "to raise any points he chooses ...." *Id.* This pro se brief is the appellant's opportunity to help this court decide if the record on appeal raises any nonfrivolous ground for an appeal. Appellant is not entitled to the appointment of new counsel at this stage in the process.

After the appellant has been given an opportunity to file a pro se brief, this court will conduct a "full examination of all of the proceedings, to decide whether the case is wholly frivolous." *Id.* To make this decision, we will review the *Anders* brief filed by appointed counsel, the record on appeal, and any pro se brief filed by the appellant. If our review establishes the appeal is wholly frivolous, we will grant the motion to withdraw and affirm the judgment. But if our review reveals an arguable ground for appeal, we will appoint another attorney to assist the appellant in arguing the appeal. *Id.*

Because appellant is not entitled to the appointment of new counsel unless and until this court decides there is at least one arguable ground for appeal, we **deny** appellant's request for the appointment of another lawyer to assist her in preparing her pro se brief.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 8th day of January, 2014.



_____
Keith E. Hottle
Clerk of Court