

# Fourth Court of Appeals
## San Antonio, Texas

Friday, March 13, 2015

No. 04-14-00177-CR

Alejandro Leal **PENA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court No. 12-090168-CRA
Honorable Donna S. Rayes, Judge Presiding

# O R D E R

In this appeal, the appellate record is complete, the briefs have been filed, and the cause is set for submission on briefs on March 4, 2015. On March 5, 2015, Appellant Alejandro Leal Peña moved to abate this appeal and either appoint him new appellate counsel or allow him to proceed pro se so that he can ensure all meritorious appellate issues are presented.

Although "[t]he Fourteenth Amendment guarantees criminal appellants the right to counsel on a first appeal as of right," *Nichols v. State*, 954 S.W.2d 83, 84–85 (Tex. App.—San Antonio 1997, no pet.) (citing *Douglas v. California,* 372 U.S. 353, 355 (1963)), neither the Sixth Amendment nor the Due Process Clause guarantees a criminal defendant the right to *self-*representation on appeal. *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 160, 163 (2000) ("The Sixth Amendment does not include any right to appeal."). Similarly, the Texas Constitution does not provide a criminal defendant with a constitutional right to *self-*representation on appeal. *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order) (refusing to allow appellant to proceed pro se on appeal because it would not be in his best interest).

Therefore, Appellant's motion to abate this appeal for appointment of new appellate counsel or to allow him to proceed pro se is DENIED. *See Martinez*, 528 U.S. at 160 (no right to self-representation on appeal); *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim. App. 2001) (no right to hybrid representation).

After this court disposes of Appellant's appeal and Appellant's other appellate remedies are exhausted, Appellant may seek further relief from a final felony conviction imposing a penalty other than death by filing an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). The application "must be filed with the clerk of the court in which the conviction being challenged was obtained" and "the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas." TEX. CODE CRIM. PROC. ANN. art. 11.07.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 13th day of March, 2015.

_____
Keith E. Hottle
Clerk of Court