

## Fourth Court of Appeals
### San Antonio, Texas

## DISSENTING OPINION

No. 04-18-00475-CV

**IN THE INTEREST OF N.F.M.** and S.R.M.

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA00070
Honorable John D. Gabriel, Jr., Judge Presiding

**DISSENTING OPINION ON MOTION FOR EN BANC RECONSIDERATION
OF ORDER STRIKING COUNSEL'S *ANDERS* BRIEF**

Opinion by:     Luz Elena D. Chapa, Justice
Dissenting Opinion by: Sandee Bryan Marion, Chief Justice, joined by Karen Angelini, Justice
and Marialyn Barnard, Justice

Sitting en banc:       Sandee Bryan Marion, Chief Justice
                       Karen Angelini, Justice
                       Marialyn Barnard, Justice
                       Rebeca C. Martinez, Justice
                       Patricia O. Alvarez, Justice
                       Luz Elena D. Chapa, Justice
                       Irene Rios, Justice

Delivered and Filed: December 19, 2018

The constitutional "liberty interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by [the Supreme] Court.'" *In re R.R.*, 04-03-00096-CV, 2003 WL 21157944, at *3 (Tex. App.—San Antonio May 21, 2003, no pet.) (mem. op.) (quoting *Troxel v. Granville*, 530 U.S. 57, 65 (2002) (plurality opinion)).  When an attorney is appointed to represent an indigent parent in an appeal of an order terminating parental rights, and the attorney believes the appeal is frivolous, however, the attorney

faces an ethical dilemma. "He is ethically bound both to competently and zealously represent his client and to not [] file a frivolous pleading." *Id*. For this reason, we permit appointed attorneys to file *Anders* briefs in parental termination appeals. *Id*. at *4.

The motion by appellant's attorney requesting en banc reconsideration of this court's order striking his *Anders* brief expresses the attorney's confusion over this court's striking of his brief when this court has accepted similar *Anders* briefs in numerous prior appeals. I believe the attorney expresses a valid concern, and I agree this court previously has accepted numerous similar *Anders* briefs. Furthermore, for the reasons explained below, I believe the brief filed in this case contains a "professional evaluation of the record," "discuss[es] the evidence introduced at trial … with ready references to the record," and "demonstrate[s] that counsel has conscientiously examined the record and determined that the appeal is [] frivolous." *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978); *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, order) (per curiam). Because the majority holds to the contrary, I respectfully dissent.

The stricken *Anders* brief contains twenty-eight pages summarizing the procedural history of the case and the testimony of the nine witnesses called to testify at trial with appropriate citations to the record. The brief then states the attorney is unable to assert the evidence is legally or factually insufficient to support the termination, and the attorney "after thorough examination, can find no errors warranting reversal that can be legitimately supported by the record." Although the majority raises a concern that the analysis makes reference to the "court's" findings as opposed to the "jury's" findings, the brief previously notes "[t]he case came to a jury trial" and the court entered judgment "based on the jury's verdict." I would give the attorney the benefit of the doubt over an obvious typographical error.

The majority distinguishes fourteen of the fifteen appeals specifically listed in the en banc motion in which similar *Anders* briefs were accepted because those appeals were from bench trials and the instant appeal is from a jury trial. I disagree with the implication that a different standard governs an *Anders* brief in a jury trial as opposed to a bench trial.

Although the majority's opinion contains a summary of broad statements made in prior opinions regarding the required contents of an *Anders* brief and analyzes the importance of complying with those broad statements, the opinion does not provide the attorney with any practical guidance in how the brief should be revised to meet the majority's expectations. Since this court has previously accepted numerous, similar *Anders* briefs, I believe some practical guidance by the majority is warranted to ensure the attorney has the tools necessary to satisfy the majority's expectations in rebriefing.

For example, the majority asserts the brief should have "refer[red] the court to any legal issue that might possibly support the appeal and explain — with citations to the record and authority relating to that legal issue — why counsel has concluded the issue is frivolous." The stricken *Anders* brief, however, states the attorney could "find no errors warranting reversal that can be legitimately supported by the record." I would interpret this statement as a representation by the attorney that he cannot "refer the court to any legal issue that might possibly support the appeal" because, in his opinion, none exist.

The majority also notes, "the brief does not discuss or even mention the key parts of the jury trial that occurred in this case — such as jury selection, the jury charge, and/or the charge conference — and does not discuss generally or specifically the numerous, overruled evidentiary objections at trial." Based on this statement, the attorney is left to wonder if he need only mention that he reviewed jury selection, the jury charge, the charge conference, and the overruled

evidentiary objections and state he cannot "refer the court to any legal issue that might possibly support the appeal." Or, will an *Anders* brief always be inadequate if an attorney does not refer the court to legal issues "that might possibly support the appeal" even if the attorney does not believe any such issues exist?

Finally, the majority notes the stricken *Anders* brief refers to the attorney's inability to find the evidence legally and factually insufficient but concludes "the substantive section of the brief contains no citations to the record and authority relevant to that legal issue." The attorney does, however, provide citations to the record in summarizing the evidence which the attorney relies on to state the evidence is sufficient. So, once again, based on this single sentence, the attorney is left to wonder what authority the majority believes he should have cited. Would citing to the authority relevant to the standards of review applicable to a sufficiency challenge be sufficient or would something more be required?

I recognize the Texas Supreme Court established a House Bill 7 Task Force for Procedural Rules in Suits Affecting the Parent-Child Relationship Filed by a Governmental Entity on July 10, 2007. The HB 7 Task Force is charged with the responsibility of advising the Supreme Court regarding rules to be adopted or revised for post-trial proceedings in cases involving the termination of the parent-child relationship. The HB 7 Task Force has specifically been directed to draft *Anders* brief procedures in appeals of parental termination cases. Until those procedures are adopted or this court adopts guidelines for *Anders* briefs in parental termination appeals, I would have accepted the *Anders* brief filed in this appeal.

In my opinion, the stricken *Anders* brief contains a "professional evaluation of the record," "discuss[es] the evidence introduced at trial … with ready references to the record," and "demonstrate[s] that counsel has conscientiously examined the record and determined that the

appeal is [] frivolous."  *Stafford*, 813 S.W.2d at 510 n.3; *High*, 573 S.W.2d at 812; *Nichols*, 954 S.W.2d at 85.  Accordingly, this court should have accepted the brief and proceeded to conduct our own "independent examination of the record to determine whether we agree with counsel's conclusion that the appeal is frivolous."  *Nichols*, 954 S.W.2d at 86.  Because the majority holds to the contrary, I respectfully dissent.

Sandee Bryan Marion, Chief Justice