

# Fourth Court of Appeals
## San Antonio, Texas

January 18, 2019

No. 04-18-00687-CV

**INTEREST OF J.A.R.**,

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-01303
Honorable Peter A. Sakai, Judge Presiding

# O R D E R

This is an accelerated appeal from the trial court's final order terminating appellant's parental rights. Appellant's court-appointed appellate counsel has filed a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there is no meritorious issue to raise on appeal. *See In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944 (Tex. App.—San Antonio, May 21, 2003, order) (holding that *Anders* procedures apply to appeals from orders terminating parental rights), *disp. on merits*, 2003 WL 22080522 (Tex. App.—San Antonio, Sept. 10, 2003, no pet.) (mem. op.).

When counsel "cannot, in good faith, advance any arguable grounds of error," counsel's *Anders* brief must "contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced." *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *In re N.F.M.*, No. 04-18-00475-CV, 2018 WL 6624409, at *5 (Tex. App.—San Antonio Dec. 19, 2018, no pet. h.) (Opinion on Motion for En Banc Reconsideration of Order Striking Counsel's *Anders* Brief). The brief must refer the court to anything in the record that might arguably support the appeal; discuss the evidence adduced at trial; supply the court with ready references to the record; and supply the court with appropriate citations to legal authorities. *High,* 573 S.W.2d at at 812-13. "The [*Anders*] brief must demonstrate that counsel has conscientiously examined the record and determined that the appeal is so frivolous that the appellant is not entitled to counsel on appeal." *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no writ).

The brief filed by appointed counsel on behalf of appellant does not meet these requirements. Specifically, the brief does not state whether and why there was any preserved, reversible error or other reasons to reverse the trial court's judgment. The brief contains no legal analysis and simply concludes, "Appellant's attorney has diligently reviewed the record in this matter and cannot find any point of error upon which a non-frivolous appeal might be based." In sum, the brief does not contain a professional evaluation of the record and does not demonstrate there is no arguable issue for appeal.

We therefore STRIKE counsel's *Anders* brief and ORDER appellant to file a redrawn brief in compliance with *In re N.F.M.* no later than **February 7, 2019**. We further order counsel to notify appellant that the *Anders* brief has been stricken and there is no current deadline for filing a pro se brief.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 18th day of January, 2019.



_____
KEITH E. HOTTLE,
Clerk of Court