

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00844-CV

**IN THE INTEREST OF C.C.**

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-18-53
Honorable Selina Nava Mireles, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Beth Watkins, Justice

Delivered and Filed: May 6, 2020

ABATED AND REMANDED

The trial court terminated appellant L.C.'s parental rights to his child, C.C., under subsection 161.001(b)(1)(Q) of the Texas Family Code.[1] *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(Q). L.C. now appeals.

L.C.'s court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (recognizing *Anders* procedures apply in parental termination cases). In his brief, counsel discusses several potential appellate issues, including ineffective assistance of counsel and evidentiary sufficiency issues, but concludes none have merit and this

---

[1] To protect the privacy of the minor child, we refer to the child and the parent by their initials. TEX. R. APP. P. 9.8(b)(2).

appeal is frivolous. The brief meets the requirements of *Anders. See Anders*, 386 U.S. at 744. As required, counsel provided L.C. with a copy of the brief and informed him of his right to review the record and file his own pro se brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In re D.L.*, No. 04-19-00274-CV, 2019 WL 5405911, at *1 (Tex. App.—San Antonio Oct. 23, 2019, no pet.) (mem. op.). L.C. filed a pro se brief, and the State filed a waiver of its right to file a brief.

Once we determine that the procedural requirements of *Anders* have been satisfied, we engage in an independent review of the briefs and the record to determine whether: (1) we agree with counsel's conclusion that the appeal is wholly frivolous, in which case we issue an opinion stating there is no reversible error; or (2) we conclude that arguable grounds for appeal exist, in which case we remand the cause to the trial court. *See In re A.L.H.*, No. 04-18-00153-CV, 2018 WL 3861695, at *2 (Tex. App.—San Antonio Aug. 15, 2018, no pet.) (mem. op.). If we determine that a nonfrivolous ground for appeal exists, we must abate the appeal and remand the case to the trial court for appointment of new counsel. *See id.*; *see also Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no writ) (noting we cannot order counsel to brief and argue an appeal that counsel considers frivolous). The new attorney is then required to file a brief raising the nonfrivolous ground we have identified, as well as any additional grounds that the attorney discovers. *See In re A.L.H.*, 2018 WL 3861695, at *2. Only after the new attorney has briefed the issues on appeal will we address the merits of those issues. *See In re Commitment of M.A.C.*, No. 04-18-00865-CV, 2019 WL 3208819, at *1 (Tex. App.—San Antonio July 17, 2019, no pet.) (mem. op.).

After reviewing the briefs and the record, we conclude the appeal is not wholly frivolous and there are arguable ground(s) for appeal, including whether the evidence supports a finding that L.C. "knowingly engaged in" criminal conduct for which he was convicted and imprisoned. *See*

Tᴇx. Fᴀᴍ. Cᴏᴅᴇ § 161.001(b)(1)(Q); *In re C.D.E.*, 391 S.W.3d 287, 300–01 (Tex. App.—Fort Worth 2012, no pet.) (holding evidence legally insufficient to support termination under subsection Q where "the record contains no evidence from which the trial court could have formed a firm conviction or belief that Father '*knowingly* [as opposed to negligently] engaged in criminal conduct' . . . that resulted in his conviction") (emphasis and alteration in original).

We note that L.C.'s appellate counsel did not file a motion to withdraw and was not required to do so to satisfy his duties under *Anders*. *See In re P.M.*, 520 S.W.3d at 27 (noting that "an *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature"). Nonetheless, because we cannot order counsel to brief and argue an appeal he considers frivolous, we order L.C.'s current appellate counsel withdrawn, abate the appeal, and remand the cause to the trial court for the appointment of new appellate counsel. *See In re A.L.H.*, 2018 WL 3861695, at \*2. The trial court shall, within ten days from the date of our opinion and order, appoint a new attorney on appeal to present all arguable grounds of error, including but not limited to the nonfrivolous ground noted in this opinion. *See id.* at \*3. After new appellate counsel has been appointed, we will notify the parties of the briefing schedule for L.C.'s appeal. *See id.*

Beth Watkins, Justice