

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MATTHEW SALAZAR, | § | No. 08-23-00028-CR |
| Appellant, | § | Appeal from the |
| v. | § | 226th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| State. | § | (TC# 2021CR9251) |

## MEMORANDUM OPINION[1]

Following a plea of nolo contendere, the trial court found appellant, Matthew Salazar, guilty of aggravated assault with a deadly weapon and imposed a sentence of 20 years' confinement.[2] In presenting this appeal, Salazar's counsel has filed an *Anders* brief in support of a motion to withdraw.[3, 4] We grant counsel's motion and affirm the judgment of the trial court.

---

[1] We hear this case on transfer from the Fourth Court of Appeals in San Antonio and apply that court's precedent as required by TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

[3] *Anders v. California*, 386 U.S. 738 (1967).

[4] Salazar is also appealing the trial court's judgment in a companion case. In appellate cause No. 08-23-00027-CR, he appeals his conviction of arson.

## I. BACKGROUND

The State indicted Salazar with aggravated assault with a deadly weapon under trial cause number 2021CR9251. The State alleged that on July 11, 2021, Salazar did use and exhibit a deadly weapon, namely a motor vehicle, and he did intentionally, knowingly, and recklessly threatened imminent bodily injury by driving said deadly weapon at and in the direction of the complainant. Salazar signed a judicial confession and waiver and consent to stipulations in which he admitted he was the person alleged in the indictment. Because Salazar's application for deferred adjudication was opposed by the State, the trial court ordered a pre-sentence investigation report and TAIP Evaluation. After considering the pre-sentence investigation report and hearing the testimony of the complainant, the trial court entered judgment convicting Salazar on one count of aggravated assault with a deadly weapon. The trial court sentenced Salazar to 20 years' confinement to run concurrently with the sentence imposed in cause number 2020CR10126.

## II. FRIVOLOUS APPEAL

Salazar's court-appointed appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citations to the record and legal authority, counsel's brief contains a professional evaluation of the record, explains why no arguable points of error exist for review, and concludes that this appeal is frivolous and without merit. *See id.* 744–45; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744–75; *High*, 573 S.W.2d at 812–13.

Counsel also provided Salazar with copies of counsel's *Anders* brief and motion to withdraw, as well as a copy of the appellate record, and informed him of his right to review the record and file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (setting forth duties of counsel). Salazar did not file a motion or a pro se brief.

We have conducted an independent review of the trial record and counsel's brief. We agree that the appeal presents no arguably meritorious grounds for review and the appeal is frivolous. *See Anders*, 386 U.S. at 744; *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We further grant counsel's motion to withdraw. *Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20. No substitute counsel will be appointed. Should Salazar wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within 30 days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

### III.  CONCLUSION

We grant counsel's motion to withdraw and affirm the trial court's judgment.


GINA M. PALAFOX, Justice

June 27, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)

3