# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00751-CV

---

### J. S., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 428TH DISTRICT COURT OF HAYS COUNTY
### NO. 22-2986, THE HONORABLE MELISSA MCCLENAHAN, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The trial court terminated the parental rights of J.S. to two children. Her court-appointed attorney has filed a brief stating that, while he found some arguable grounds for appeal, he did not find arguable grounds to reverse the trial court's judgment terminating J.S.'s parental rights. The brief meets the requirement of such briefs. *See Anders v. California*, 386 U.S. 738 (1967). *In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016).

Upon receipt of such a brief, we independently review the brief and the record to determine whether: (1) we agree with counsel's conclusion that the appeal is wholly frivolous, in which case we issue an opinion stating there is no reversible error; or (2) we conclude that arguable grounds for appeal exist, in which case we remand the cause to the trial court. *See In re C.C.*, No. 04-19-00844-CV, 2020 WL 2139307, at *1 (Tex. App.—San Antonio May 6,

2020, no pet.) (mem. op.). If we determine that a nonfrivolous ground for appeal exists, we must abate the appeal and remand the case to the trial court for appointment of new counsel. *See id.* (citing *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no writ) (noting we cannot order counsel to brief and argue an appeal that counsel considers frivolous)). The new attorney then must file a brief raising nonfrivolous grounds. *See id.* Only after the new attorney has briefed the issues on appeal will we address the merits of those issues. *See id.*

After reviewing the briefs and the record, we conclude that the appeal is not wholly frivolous and that there are arguable grounds for appeal. Because we cannot order counsel to brief and argue an appeal he considers frivolous, we order J.S.'s current appellate counsel withdrawn, abate the appeal, and remand the cause to the trial court for the appointment of new appellate counsel. *See id.* The trial court shall, by <u>February 24, 2025</u>, appoint a new attorney on appeal to present all arguable grounds of error. The trial court shall cause a supplemental clerk's record to be filed containing the order appointing new counsel. This appeal will be reinstated upon receipt of that supplemental record.

New counsel shall file a brief on the merits by <u>March 17, 2025</u>.

It is ordered on February 14, 2025.


Before Justices Kelly, Crump, and Ellis

Abated and Remanded

Filed: February 14, 2025

2