NO. 07-10-00431-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JUNE
30, 2011

 



 

MARTIN CARNERO, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 320TH DISTRICT COURT OF
POTTER COUNTY;

 

NO. 59,959-D; HONORABLE DON R. EMERSON, JUDGE



 



 

Before CAMPBELL  and HANCOCK, JJ., and BOYD, S.J.[1]

 

MEMORANDUM OPINION

Appellant Martin Carnero,
Jr. appeals his conviction and sentence for aggravated robbery[2]
following the revocation of his deferred adjudication community
supervision.  His court-appointed
appellate counsel has filed a motion to withdraw supported by an Anders[3]
brief.  We will grant counsel’s motion to
withdraw and affirm the judgment of the trial court.

            In
May 2009, a Potter County grand jury indicted appellant for aggravated
robbery.  According to the terms of a
plea-bargain agreement, in October 2009, appellant plead guilty to the charged
offense.  The trial court deferred a finding
of guilt and placed appellant on deferred adjudication community supervision
for a term of eight years.  It also
assessed a fine and ordered restitution.

            The
State filed a motion to proceed with adjudication of guilt in April 2010.  It alleged appellant failed to comply with
eight conditions of his community supervision order.  Among the violations alleged was the charge
that appellant possessed a useable quantity of marijuana within 1,000 feet of a
school.

            In
a sworn written plea, appellant plead true to each violation of community
supervision alleged by the State.  Appellant
and the State presented no agreed punishment recommendation to the trial
court.  Prior to commencement of hearing
the State’s motion, appellant orally acknowledged before the trial court the
truth of his plea.

At the hearing, appellant’s community
supervision officer testified. Appellant also testified, telling the court he
was arrested for possession of marijuana and paraphernalia in January 2010,
plead guilty to those offenses, and received county jail sentences of thirty
days and ten days respectively. 
Appellant agreed he was required to notify his community supervision
officer of his arrest but did not. 
Appellant testified he did not make payments required by his community
supervision order because he was “spending all [his] money on drugs and alcohol
and stuff like that.”  He quit reporting
to the community supervision officer because he was using drugs and did not
want to be tested.  Appellant indicated,
in addition to marijuana, he consumed alcohol and “sometimes” used
methamphetamine.  Appellant’s mother
testified through an interpreter.  She
explained that when appellant is under the influence of drugs “he does his bad
things.”

At the conclusion of the hearing the
trial court found appellant violated his community supervision and was guilty
of aggravated robbery.  Punishment was
assessed at eighteen years confinement in the penitentiary.  This appeal followed.

According to the opinion of
appellant’s appellate counsel expressed in the Anders brief, nothing in the record establishes reversible error
and the appeal is frivolous.  The brief
discusses the case background, the grounds alleged for revocation, and the
evidence presented at the hearing. 
Counsel discusses two grounds of potential error but concludes the trial
court did not abuse its discretion by revoking appellant’s community
supervision and imposing a sentence within the permissible range.  Correspondence from counsel to appellant
indicates counsel supplied appellant a copy of the Anders brief and counsel’s motion to withdraw.  The correspondence also points out the right
of appellant to review the record and file a pro se response and his right to file a pro se petition for discretionary review in the Court of Criminal
Appeals should he receive an adverse decision by this court.  By letter, this court also notified appellant
of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel.[4]  Appellant did not file a response.

In conformity with the standards set
out by the United States Supreme Court, we will not rule on the motion to
withdraw until we have independently examined the record in each matter.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.--San
Antonio 1997, no pet.).  If this court
determines the appeal arguably has merit, we will remand it to the trial court
for appointment of new counsel.  Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).  We have reviewed the entire record to
determine whether there are any arguable grounds which might support an appeal.
See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300
(1988); Bledsoe v. State, 178 S.W.3d
824 (Tex.Crim.App. 2005).  We have found no such arguable grounds
supporting a claim of reversible error, and agree with counsel that the appeal
is frivolous.

Accordingly, we grant counsel’s
motion to withdraw[5]
and affirm the judgment of the trial court. 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.











[1] 
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  





[2] See
Tex. Penal Code Ann. § 29.03(a) (West 2011). 
This is a first degree felony punishable by life or for any term of not
more than 99 years or less than 5 years and a fine not to exceed $ 10,000.  Tex. Penal Code Ann. § 12.32(a),(b) (West 2011).





[3] Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967); see In re Schulman,
252 S.W.3d 403 (Tex.Crim.App. 2008) (orig.
proceeding) (“[T]he sole purpose of an Anders
brief is to explain and support the motion to withdraw”).





[4] A pro se response “is not a merits brief, it is merely an informal
opportunity for the indigent defendant to present what he believes are claims
or issues or areas of procedural or substantive concern that arguably deserve a
full merits brief by a second attorney.” 
In re Schulman,
252 S.W.3d at 409 n.23.





[5] Counsel shall, within five days after
the opinion is handed down, send her client a copy of the opinion and judgment,
along with notification of the defendant’s right to file a pro se petition for discretionary review.  Tex. R. App. P. 48.4.