NO. 07-10-00325-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 7, 2011

_____

CHRIS L. VASQUEZ, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-420,480; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and CAMPBELL, J. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Chris L. Vasquez entered an open plea of guilty to the charge of burglary of a habitation.[2] He also plead true to one enhancement paragraph alleging a prior final conviction for burglary of a habitation.[3] Without a plea-bargain agreement,

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2] *See* Tex. Penal Code Ann. § 30.02(a)(1) (West 2011). This offense is a felony of the second-degree. Tex. Penal Code Ann. § 30.02(c)(2) (West 2011).

[3] On a showing at the trial of a felony of the second-degree that the defendant has been once before convicted of a felony, on conviction the defendant shall be punished for a first-degree felony. Tex. Penal Code Ann. § 12.42(b) (West 2011). The

the court assessed punishment at forty-five years confinement in prison. Appellant's court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders*[4] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

Besides pleading guilty to the charged offense and true to the enhancement paragraph, appellant signed a writing waiving the right to trial by jury and consenting "to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements of witnesses, and other documentary evidence."

The State presented the testimony of several witnesses including the arresting and investigating police officers, the victim of the offense, and the 9-1-1 operator who took the victim's call. The State also introduced a recording of the victim's 9-1-1 call and appellant's video statement.[5]

The evidence showed appellant was found carrying electronics in the back yard of the victim's residence, then apprehended, after he broke into the residence about mid-day on a Saturday. The victim was at home during the events, grabbed a cordless

---

range of punishment for an individual adjudged guilty of a first-degree felony is imprisonment for life or for any term of not more than 99 years or less than 5 years and a fine not exceeding $10,000 may also be assessed. Tex. Penal Code Ann. § 12.32(a)(b) (West 2011).

[4] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) (orig. proceeding).

[5] By a "motion designating issues" appellant requested we review the entirety of his video statement. To that extent, the motion is granted as our review of the record included examination of the entirety of appellant's video statement. To the extent appellant requested additional or other relief by his motion, such is denied.

telephone and retreated to a closet in the garage where she telephoned 9-1-1. According to appellant's statement, he was in a "big hole financially." He randomly selected the victim's house, knocked on the doors and forced one open with a hammer when no one answered. He agreed that after entering he began collecting items.

Appellant did not testify, but offered the testimony of his mother and a psychologist in mitigation of punishment. Following the close of evidence, the court sentenced appellant and this appeal followed.

Appellant's appointed appellate counsel has filed a motion to withdraw supported by an *Anders* brief. In counsel's opinion, nothing in the record establishes reversible error. The brief reviews the record and the evidence presented at the hearing. Counsel discusses one ground of potential error but concludes it does not constitute reversible error. Correspondence from counsel to appellant indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw. The correspondence also points out the right of appellant to review the record and file a *pro se* response. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant filed a *pro se* response raising and thoroughly discussing four possible appellate issues.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511

3

(Tex.Crim.App.1991). We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[6] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[6] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.