NO. 07-11-00438-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 12, 2012

ANTHONY BASTON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 7908; HONORABLE STEVEN RAY EMMERT, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Anthony Baston appeals from the trial court's judgment adjudicating him guilty of the offense of Deadly Conduct Discharging a Firearm,[1] revoking his deferred adjudication community supervision, and sentencing him to a term of imprisonment of six years. His counsel has filed a motion to withdraw supported by an

---

[1] *See* Tex. Penal Code Ann. § 22.05 (West 2012). This is a third degree felony, punishable by imprisonment for any term of not more than 10 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.34 (West 2011).

*Anders*[2] brief.  We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

In April 2008, a Gray County grand jury indicted appellant for deadly conduct, discharging a firearm.  In February 2010, appellant plead guilty to the charged offense and, as part of a plea bargain, the trial court placed him on deferred adjudication community supervision for a term of five years. His community supervision was subject to certain terms and conditions.

In October 2010, the State filed a motion to proceed with an adjudication of guilt, alleging appellant violated numerous conditions of his community supervision.   In October 2011, the court held a hearing in which appellant's probation officer testified.  She testified appellant failed to report to her in March, July and August of 2010 and failed to pay required fines and complete ordered community service.  A deputy also testified he reviewed appellant's criminal history and recognized the State's exhibit as one of appellant's criminal convictions.

Appellant testified on his own behalf.  He admitted he was convicted of the state jail felony of burglary of a building while on community supervision and received a thirty day sentence.  He also admitted to drinking alcohol, a violation of his community supervision.  He also told the court he had forgotten that when his community supervision was transferred to Lubbock County, he was still required to report by mail to the probation office in Gray County. Lastly, he testified he was unemployed while in

---

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008) (orig. proceeding).

Lubbock County and could not pay the fine and costs ordered as part of his community supervision.

At the conclusion of the hearing, the court determined appellant violated five provisions of his community supervision order. The court adjudicated appellant guilty of the indicted offense, revoked his community supervision, and sentenced him to six years of imprisonment.

Appellant's appointed counsel has filed a brief with this Court stating that after an exhaustive review of the record, he has found nothing therein that raises an arguable issue for appeal.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App.1991). We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  Tex. R. App. P. 48.4.