NO. 07-11-00465-CR, 07-11-00466-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 7, 2012

———————————————

OMAR GUERRERO AKA JUAN GUERRERO AKA
SALVADOR GUERRERO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

———————————————

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 59,732-E, 59,733-E; HONORABLE DOUGLAS WOODBURN, JUDGE

———————————————

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

In these two cases, appellant appeals his convictions and sentences for aggravated robbery.[1]  Appellant's court-appointed appellate attorney has filed a motion to withdraw from representation supported by an *Anders* brief in each case.[2]  Agreeing with counsel's conclusion that the record fails to show any arguably meritorious issue

———————————————

[1] Tex. Penal Code Ann. § 29.03 (West 2012).

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex.Crim.App. 2008).

capable of supporting an appeal in either case, we grant the motions to withdraw and affirm the trial court's judgments.

Indictments in cause numbers 59,732-E and 59,733-E[3] charged appellant with aggravated robbery. Trial in cause number 59,732-E was by jury, which found him guilty and assessed punishment at ten years' confinement in prison and a $10,000 fine. The sentence of confinement was suspended in favor of community supervision. After a later guilty plea in cause number 59,733-E, the trial court placed appellant on ten years' deferred adjudication community supervision and imposed a $5,000 fine.

The State filed a motion to revoke probation in cause number 59,732-E and a motion to proceed with adjudication of guilt in cause number 59,733-E. Appellant plead true to each of the alleged violations of community supervision[4] without a punishment agreement. The trial court sentenced appellant to ten years' confinement in prison in cause number 59,732-E and a $10,000 fine and twenty-five years' confinement in prison in cause number 59,733-E.

In the opinion of appellant's court-appointed appellate counsel, nothing in the record establishes reversible error. In conjunction with a review of the record, counsel's brief discusses five grounds of potential error. He concludes, however, that none of the grounds analyzed present reversible error. Correspondence from counsel to appellant indicates counsel provided appellant with a copy of the *Anders* brief. The

---

[3] In this court, case numbers 07-11-00465-CR and 07-11-00466-CR respectively.

[4] Prior to commencement of the hearing, the State waived one of the alleged violations in cause number 59,732-E.

correspondence also points out the right of appellant to review the record and file a *pro se* response. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant filed a *pro se* response raising thirteen potential grounds of error. We have considered appellant's response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on counsel's motion to withdraw until we have independently examined the record in each matter. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex.App.--San Antonio 1997, no pet.) (citing *Penson v. Ohio,* 488 U.S. 75, 82-83 & n.6, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988)). If we determine the appeal arguably has merit, we remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).

We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson,* 488 U.S. 75, 82-83; *Bledsoe v. State,* 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeals are frivolous.

Accordingly, we grant counsel's motion to withdraw[5] and affirm the judgments of the trial court.

James T. Campbell
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.