

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00227-CR
No. 07-13-00228-CR

BRADY CARL HARRIS A/K/A BRADY C. HARRIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1146746D, 1294885D, Honorable Ruben Gonzalez, Presiding

January 7, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPELL and PIRTLE, JJ.

Appellant Brady Carl Harris a/k/a Brady C. Harris appeals his conviction and sentence for failure to register as a sex offender[1] as well as his conviction for arson[2] following the revocation of his deferred adjudication community supervision. His court-

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102 (West 2008).

[2] *See* TEX. PENAL CODE ANN. § 28.02 (West Supp. 2013).

appointed appellate counsel has filed a motion to withdraw supported by an *Anders*[3] brief in each case. We will grant counsel's motions to withdraw and affirm the judgments of the trial court.

Background

In March 2009, a Tarrant County grand jury indicted appellant for the offense of arson. Appellant plead guilty to the charged offense and the trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a term of five years. Appellant's community supervision was subject to certain terms and conditions. The State filed a third amended motion to proceed with adjudication of guilt in August 2012. It alleged appellant failed to comply with three conditions of his community supervision order. The alleged violations included committing a new criminal offense, failure to report, and failure to participate fully in "Project RAPP," a supervised rehabilitation program.

In September 2012, a Tarrant County grand jury indicted appellant for the offense of failure to register as a sex offender. Appellant plead guilty to the offense as charged and proceeded to the jury for punishment. Following a punishment hearing, the jury sentenced appellant to fifteen years of imprisonment.

At the conclusion of the punishment hearing for the failure to register offense, the trial court dismissed the jury and called the parties for the hearing on the State's motion

---

[3] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008) (orig. proceeding) ("[T]he sole purpose of an Anders brief is to explain and support the motion to withdraw").

2

to adjudicate appellant's community supervision in the arson case. Appellant plead "true" to each of the State's three allegations.

Appellant testified at the hearing, after which the trial court found appellant violated the terms of his community supervision order as alleged in the State's motion and adjudicated him guilty of arson. Punishment was assessed at confinement in prison for ten years. The trial court ordered appellant to serve the sentences in the two cases cumulatively.[4] This appeal followed.

## Analysis

Appellant's counsel on appeal expresses his opinion in the *Anders* brief that nothing in the record establishes reversible error in either case and the appeals are frivolous. The brief discusses the background for each case, the punishment hearing in the failure to register offense, the grounds alleged for revocation in the arson offense, and the evidence presented as to each cause. Counsel discusses two grounds of potential error but concludes the trial court did not arguably abuse its discretion in either case. Correspondence from counsel to appellant indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw for each case. The correspondence also points out the right of appellant to file a *pro se* response. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motions to withdraw filed by his counsel. Appellant did not file a response.

---

[4] *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (West Supp. 2013) (providing for trial court discretion in ordering cumulative or concurrent sentencing).

3

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal in either case. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeals are frivolous.

## Conclusion

The motions of counsel to withdraw are granted and the judgments of the trial court are affirmed.[5] TEX. R. APP. P. 43.2(b).

James T. Campbell
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgments, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.