

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00249-CR

---

LUIS MIGUEL GUIDO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 242nd District Court
Swisher County, Texas
Trial Court No. B4295-09-11, Honorable Edward Lee Self, Presiding

---

May 29, 2014

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Luis Miguel Guido appeals the trial court's judgment adjudicating him guilty of the felony offense of tampering with or fabricating physical evidence,[1] and the resulting sentence of ten years' confinement in prison and fine of $3,000. Appellant's court-appointed appellate attorney has filed a motion to withdraw from the

---

[1] TEX. PENAL CODE ANN. § 37.09 (West Supp. 2013).

representation supported by an *Anders*[2] brief. Agreeing with counsel that the record does not support an arguable ground for appeal, we grant the motion to withdraw and affirm the judgment of the trial court.

Pursuant to a 2010 plea bargain agreement appellant plead guilty to tampering with physical evidence. The trial court deferred adjudication of guilt and placed appellant under an order of community supervision. Among other things, the order required appellant report to the community supervision officer, pay specified fees, and complete community service hours.

During 2011, the State moved to adjudicate appellant's guilt and revoke his community supervision. At the hearing the trial court found appellant violated the terms of his community supervision by failing to report, failing to pay the community supervision fee, and failing to perform community service. It modified the terms of appellant's community supervision order by extending the term or community supervision, assessing a fine, adding hours of community service, and adding attorney's fees.

In 2013, the State sought adjudication of guilt and revocation of community supervision. The violations alleged by the State were again failure to report, failure to pay fees, and failure to perform the requisite amount of community service. Appellant plead true to the State's allegations. The only witness at the hearing was appellant's community supervision officer. She gave testimony supporting each of the violations alleged. Following presentation of the evidence, the trial court adjudicated appellant

---

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see also In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008).

guilty of the charged offense, revoked his community supervision, and sentenced him as noted.

In the *Anders* brief, appellant's counsel states "there are no arguable grounds for appeal remaining from the Appellant's plea of guilty followed by the Motion to Revoke." The brief discusses the procedural history of the case and the proceedings in connection with the motion to adjudicate guilt. Counsel discusses the applicable law and sets forth the reasons he concludes there is no ground on which to base an appeal. Counsel has certified that a copy of his motion to withdraw and *Anders* brief were served on appellant. Counsel further indicates he provided appellant a copy of the record and notified him of the right to file a *pro se* response. *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. refused). By letter, this Court also notified appellant of the opportunity to file a response to counsel's motion to withdraw and *Anders* brief. Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this Court determines the appeal has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

In his brief, counsel discusses several potential issues but concludes none will support an appeal. We have independently reviewed the record to determine whether any arguable grounds support an appeal from the adjudication, revocation, and

sentence.  We find no arguably meritorious ground for appellate review.  We therefore grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.



                              James T. Campbell
                              Justice


Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review.  TEX. R. APP. P. 48.4.