

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00395-CR

MARK DEWAYNE ROPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 56,429-E, Honorable Douglas Woodburn, Presiding

June 30, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Mark Dewayne Roper appeals the judgment revoking his deferred adjudication community supervision, finding him guilty of aggravated assault with a deadly weapon, and sentencing him to confinement in prison for ten years and a fine of $1,000. His court-appointed appellate counsel has filed a motion to withdraw supported

by an *Anders*[1] brief.  We will grant counsel's motion to withdraw and affirm the judgment.

## Background

After a September 2007 indictment, appellant plead guilty to the charged offense in December 2009 pursuant to the terms of a plea bargain agreement.  The court placed him under an order of five years' deferred adjudication community supervision and assessed a $1,000 fine.

Appellant's community supervision was modified in December 2011 and April 2013.  In August 2013, the State filed a motion to proceed with adjudication of guilt on the original charge.

At the hearing, appellant pled true to eleven of twelve alleged violations of community supervision.  The court heard the testimony of witnesses for the State and appellant.  At the conclusion of the hearing, the court adjudicated appellant's guilt and assessed a punishment of ten years' confinement in prison and a fine of $1,000.  It also entered a deadly weapon finding.

## Analysis

In the opinion of appellant's appellate counsel, nothing in the record establishes reversible error and the appeal is frivolous.  Counsel's *Anders* brief discusses the case background and the hearing on the State's motion.  It examines two possible appellate issues but concludes each is meritless.  Correspondence from counsel to appellant

---

[1] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008).

indicates counsel supplied appellant a copy of the *Anders* brief and counsel's motion to withdraw, and advised appellant of his right to file a response. By letter, this court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant did not file a response.

In conformity with the standards of the United States Supreme Court, we do not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review with the Court of Criminal Appeals. TEX. R. APP. P. 48.4.