

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00246-CR

---

CHARLES MARQUIS BRYSON, III, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 47th District Court
Randall County, Texas
Trial Court No. 21,737-A, Honorable Dan L. Schaap, Presiding

---

July 15, 2014

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Charles Marquis Bryson, III, appeals his conviction and six-year sentence for aggravated assault with a deadly weapon[1] following revocation of his deferred adjudication community supervision.  His court-appointed appellate counsel

---

[1] Tex. Penal Code Ann. § 22.02 (West 2012).

has filed a motion to withdraw supported by an *Anders*[2] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

In July 2010, a Randall County grand jury indicted Bryson for aggravated assault with a notice of intent to seek a deadly weapon finding. Bryson plead guilty to the offense and the trial court made an affirmative finding on the deadly weapon allegation. The trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a term of five years and imposed a fine of $1000.

The State filed a motion to proceed with adjudication of guilt in September 2011. The trial court amended the terms of Bryson's community supervision to include the requirement that he complete the "Intermediate Sanctions Facility." The State filed another motion to proceed with adjudication in October 2012. The court again amended the terms of Bryson's community supervision. The State filed a third motion to revoke in May 2013. In that motion, it alleged Bryson failed to comply with seven conditions of his community supervision order, including his failure to report as required, failure to pay certain fees and fines as required, failure to successfully complete certain programs, and failure to submit to drug and alcohol testing.

Bryson plead "true" to each violation of community supervision alleged by the State. Bryson orally acknowledged before the trial court the truth of his plea, and the record includes a signed judicial confession. Bryson's community supervision officer also testified to his violations. Bryson testified he stopped reporting to his supervision

---

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) (orig. proceeding) ("[T]he sole purpose of an *Anders* brief is to explain and support the motion to withdraw").

officer because he was afraid he would be arrested since he did not have money to pay the fees and fines. He told the court of his difficulty finding employment. Bryson and the State presented no agreed punishment recommendation to the trial court.

At the conclusion of the hearing the trial court found appellant violated the terms of his community supervision and found him guilty of aggravated assault with a deadly weapon. Punishment was assessed at six years confinement in prison. This appeal followed.

According to the opinion of Bryson's appellate counsel expressed in the *Anders* brief, nothing in the record establishes reversible error and the appeal is frivolous. The brief discusses the case background, the grounds alleged for revocation, and the evidence presented at the hearing. Counsel discusses two grounds of potential error, including an issue concerning punishment and an issue regarding ineffective assistance of counsel, but concludes neither issue is arguably meritorious.

Correspondence from counsel indicates he supplied Bryson a copy of the *Anders* brief and counsel's motion to withdraw. The correspondence also points out Bryson's right to review the record and file a *pro se* response and his right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals should he receive an adverse decision by this court. By letter, this court also notified Bryson of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Bryson did not file a response.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record

in each matter. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App.1991). We have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Accordingly, we grant counsel's motion to withdraw[3] and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. Tex. R. App. P. 48.4.

4