

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00217-CR

JOSE AGUILAR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B11064-9205, Honorable Edward Lee Self, Presiding

January 13, 2015

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Jose Aguilar was convicted of the 1992 first degree felony offense of murder[1] and sentenced by jury to twenty-eight years of imprisonment. His court-appointed appellate counsel has filed a motion to withdraw supported by an *Anders*[2] brief. We will grant counsel's motion to withdraw and affirm the judgment of the trial court.

---

[1] Tex. Penal Code Ann. § 19.02 (West 2012).

[2] *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *see Kelly v. State,* 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008) (orig. proceeding).

Appellant took the stand at his May 2014 trial for the murder of Guadalupe Fraire in May 1992. He testified that he "grabbed a gun from [his] pickup" and shot Fraire when the victim approached him after an argument at a rodeo in Plainview. He said Fraire's verbal threats to "get him" placed him in fear. The court's charge authorized the jury to find appellant not guilty, guilty of murder or, alternatively, guilty of manslaughter.

Evidence showed appellant lived and raised a family in Colorado under an assumed name after he initially fled to Mexico after the shooting. His three adult children testified on his behalf during the punishment phase.

Appellant's counsel on appeal expresses his opinion in the *Anders* brief that nothing in the record establishes reversible error and the appeal is frivolous. The brief discusses the sufficiency of the indictment, the pre-trial rulings, adverse rulings at trial, the evidence presented at trial and its sufficiency, the punishment phase, and assistance of appellant's retained trial counsel. Counsel concludes no error occurred. Correspondence from counsel to appellant indicates counsel supplied appellant a copy of the *Anders* brief, counsel's motion to withdraw, and a copy of the entire appellate record. The correspondence also points out the right of appellant to review the record and file a *pro se* response and his right to file a *pro se* petition for discretionary review in the Court of Criminal Appeals should he receive an adverse decision by this Court. By letter, this Court also notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by his counsel. Appellant has filed a response arguing: (1) his confession to police and at trial was coerced by his attorney, (2) his retained trial counsel provided him ineffective assistance; and (3) there were harmful evidentiary errors at trial.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If this Court determines the appeal arguably has merit, we will remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We also have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

The motion of counsel to withdraw is granted and the judgment of the trial court is affirmed.[3] TEX. R. APP. P. 43.2(b).


James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.