

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-15-00119-CR

---

EMERY DOMINIQUE EMMITT
A/K/A EMERY DOMINIAUE EMMITT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1314734D, Honorable Ruben Gonzalez, Jr., Presiding

---

October 6, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Emery Dominique Emmitt a/k/a Emery Dominiaue Emmitt, appeals from his conviction of aggravated robbery following his open plea of guilty to the trial court and the resulting sentence of 16 years of imprisonment. Appellant's attorney has filed a brief in compliance with *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008).

Agreeing with appointed counsel's conclusion the record fails to show any arguably meritorious issue, we affirm the trial court's judgment.

Appellant was indicted for aggravated robbery.[1] In November 2014, he plead guilty to the charge and plead "true" to the deadly weapon notice alleging he used or exhibited a firearm in connection with the offense. No plea agreement was entered. The trial court held a punishment hearing after a presentence investigation report was provided. In addition to the report, the State presented photographs of the victim and the crime scene, and a surveillance recording. Appellant's grandmother and girlfriend testified on his behalf. The surveillance video showed appellant walked into a convenience store, selected some items and walked to the counter, spoke with the store owner, then jumped over the counter and attacked the owner. Evidence also showed appellant beat the owner with a pistol, causing significant injury to the owner's head. It also showed that he threatened to shoot and kill the owner, and fired three shots inside the store. After reviewing the evidence, the trial court assessed punishment as noted.

Appellant's appointed appellate counsel filed a motion to withdraw and a brief in support pursuant to *Anders* in which he certifies that he has diligently reviewed the record and, in his professional opinion, under the controlling authorities and the record, there are no grounds on which a non-frivolous appeal can be predicated. The brief thoroughly discusses the indictment; the sufficiency of the evidence supporting appellant's plea; appellant's mental state; arguments, motions and objections presented

---

[1] TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2014). Appellant was also charged with aggravated assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2014). When appellant agreed to plead guilty to the charge of aggravated robbery, the State waived the aggravated assault charge.

at the hearing; and the punishment assessed. Counsel has certified that a copy of the *Anders* brief and motion to withdraw have been served on appellant, and that counsel has advised appellant of his right to review the record and file a *pro se* response. *Johnson v. State,* 885 S.W.2d 641, 645 (Tex. App.—Waco 1994, pet. ref'd); *see Kelly v. State*, 436 S.W.3d 313, 320 n.22 (Tex. Crim. App. 2014). By letter, we also notified appellant of his opportunity to submit a response. Appellant did so.

In conformity with the standards set out by the United States Supreme Court, we will not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State,* 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If we determine the appeal has arguable merit, we will remand it to the trial court for appointment of new counsel. *See Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App.1991).

Our review convinces us appellate counsel conducted a complete review of the record. We have also made an independent examination of the entire record, counsel's brief, and appellant's response, to determine whether there are arguable grounds which might support the appeal. We agree it presents no arguably meritorious grounds for review. Accordingly, we grant counsel's motion to withdraw[2] and affirm the judgment of the trial court.

James T. Campbell<br>
Justice

Do not publish.

---

[2] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. *See* TEX. R. APP. P. 48.4.