

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00048-CR
_____

ROBERT DUNCAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR2013D040, Honorable Roland D. Saul, Presiding

June 6, 2016

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Robert Duncan appeals his conviction and sentence for aggravated assault with a deadly weapon[1] following the revocation of his deferred adjudication community supervision. His court-appointed appellate counsel has filed a motion to

---

[1] TEX. PENAL CODE ANN. § 22.02 (Tex. 2015).

withdraw supported by an *Anders*[2] brief. We will grant counsel's motion to withdraw and affirm the judgment.

## Background

After appellant plead guilty to the indicted offense of aggravated assault with a deadly weapon in June 2013, the trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a term of six years. It also assessed a fine of $1,500.

The State filed a motion to proceed with adjudication of guilt in July 2015 and filed an amended motion in January 2016. It alleged appellant failed to comply with seven conditions of his community supervision order. The alleged violations included commission of the offenses of retaliation, assault and possession of marijuana.

At the January 2016 hearing on the State's motion, appellant entered an open plea of "true" to four of the alleged violations of community supervision. The State presented the testimony of two witnesses to prove appellant committed criminal offenses during the period of his community supervision. Appellant's community supervision officer also testified, telling the court appellant plead guilty to possession of marijuana in July 2015. The officer also testified he believed that, based on appellant's behavior while on community supervision and his history of committing assaults, appellant's community supervision should be revoked. Appellant testified, asking the

---

[2] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *see In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008) (orig. proceeding) ("[T]he sole purpose of an *Anders* brief is to explain and support the motion to withdraw").

court to allow him a chance to successfully complete his community supervision. Appellant admitted to several violations of his community supervision and also admitted prior offenses in other states. He also told the trial court he had paid his delinquent fees, had been sober for six months, had a place to live with his wife and had a job waiting for him.

At the conclusion of the hearing, the trial court found appellant violated his community supervision order and adjudicated him guilty of aggravated assault with a deadly weapon. Punishment was assessed at confinement in prison for twelve years.

Analysis

Appellant's counsel on appeal expresses his opinion in the *Anders* brief that nothing in the record establishes reversible error and the appeal is frivolous. The brief discusses the case background, the grounds alleged for revocation, and the evidence presented at the hearing. Counsel discusses grounds of potential error but concludes the trial court did not abuse its discretion by revoking appellant's community supervision and imposing a sentence within the permissible range. Counsel has demonstrated that he has provided to appellant a copy of the brief, the motion to withdraw, and the clerk's and reporter's records, and has notified him of his right to file a *pro se* response to the brief. *Kelly v. State,* 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman,* 252 S.W.3d at 408. He also notified appellant of his right to file a petition for discretionary review if we affirm the trial court's judgment. *In re Schulman,* 252 S.W.3d at 408. By letter, this court also notified appellant of his opportunity to submit a response to the

3

*Anders* brief and motion to withdraw filed by his counsel. Appellant did not file a response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on the motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). If we determine the appeal arguably has merit, we remand it to the trial court for appointment of new counsel. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Accordingly, we have reviewed the entire record to determine whether there are any arguable grounds which might support an appeal. *See Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005). We have found no such arguable grounds supporting a claim of reversible error, and agree with counsel that the appeal is frivolous.

Conclusion

The motion of counsel to withdraw is granted[3] and the judgment of the trial court is affirmed.  TEX. R. APP. P. 43.2(b).

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.

4