

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00271-CR

TIMOTHY DANFORTH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
McLennan County, Texas
Trial Court No. 2016-0698-CR2, Honorable T. Bradley Cates, Presiding

November 1, 2018

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Timothy Danforth has appealed his conviction by jury of the misdemeanor offense of resisting arrest, search or transportation,[1] and the resulting court-imposed sentence of 250 days in the county jail. Presenting the appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We will grant counsel's

---

[1] TEXAS PENAL CODE ANN. § 38.03 (West 2018).

[2] *Anders v. California,* 386 U.S. 738 (1967).

motion to withdraw, but abate the appeal and remand the case to the trial court for appointment of new counsel.

Appellant was charged by a two-count information with resisting arrest, search or transportation, and criminal trespass. The State proceeded to trial only on the resisting charge. During voir dire, the State sought to exercise peremptory challenges against three venire members. Appellant objected to each challenge under *Batson v. Kentucky*, 476 U.S. 79, 86 (1986). The court sustained appellant's *Batson* objection as to one member, and that member was seated on the jury. The court overruled the *Batson* objection as to the other two members.

After hearing evidence, the jury found appellant guilty and the court assessed punishment as noted. This appeal, and counsel's motion to withdraw and *Anders* brief, followed.

As the United States Supreme Court has stated, "The so-called '*Anders*' brief serves the valuable purpose of assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without an adversary presentation." *Penson v. Ohio,* 488 U.S. 75, 81-82 (1988). Our Texas courts also have recognized that an *Anders* brief is filed in support of counsel's motion to withdraw. *See, e.g., In re Schulman,* 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (the brief "accompanies the motion to withdraw as an assurance to the appellate court that the attorney has indeed made a thorough and conscientious examination of the record, has provided the appellate court with the

appropriate facts of the case and its procedural history, and has pointed out any potentially plausible points of error").

In support of her motion to withdraw, counsel certified she has conducted a conscientious examination of the record, and in her opinion, it reflects no potentially plausible basis for reversal of appellant's conviction. *Anders,* 386 U.S. at 744-45; *In re Schulman*, 252 S.W.3d at 406. Counsel has discussed why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel also demonstrated that she has complied with the informational burdens that accompany the filing of an *Anders* brief*. See Kelly v. State,* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408. By letter, this Court notified appellant of his opportunity to submit a response to the *Anders* brief and motion to withdraw filed by counsel. Appellant has not filed a response.

In conformity with the standards set out by the United States Supreme Court, we do not rule on counsel's motion to withdraw until we have independently examined the record. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.). After review of the *Anders* brief and the record in this case, we are not satisfied the appeal is so frivolous that we may decide it without an adversary presentation. *Penson*, 488 U.S. at 81-82. In particular, while the *Anders* brief discusses the *Batson* challenges made during voir dire, we do not find the discussion adequately addresses all potential issues concerning the court's handling of those challenges.

Accordingly, we grant counsel's motion to withdraw, abate the appeal, and remand the cause to the trial court. On remand, the trial court is directed to appoint new counsel

to represent appellant in this appeal and to direct the trial court clerk to file with the appellate clerk a supplemental clerk's record containing the order appointing new appellate counsel and the name, address, email address and state bar number of newly appointed counsel. The trial court is further directed to order the newly appointed counsel: (1) to file with the appellate clerk, within five days after new counsel's appointment, a letter certifying that new counsel has complied with the requirements of article 26.04(j)(1) of the Code of Criminal Procedure with regard to the representation of appellant, TEX. CODE CRIM. PROC. ANN. art. 26.04(j)(1) (West 2018); and (2) unless otherwise instructed by appellant, to file an appellant's brief developing any ground that arguably supports reversal or modification of the judgment. *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). The trial court is directed to appoint new appellate counsel on or before December 3, 2018, unless it notifies this Court of the need for additional time. Appellant's appellate brief shall be due thirty days after the date on which new appellate counsel is appointed.

It is so ordered.

Per Curiam

Do not publish.