

# Fourth Court of Appeals
## San Antonio, Texas

December 10, 2018

No. 04-18-00558-CR

Rosalinda Huereca **PENA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 6, Bexar County, Texas
Trial Court No. 455468
Honorable Wayne A. Christian, Judge Presiding

### ORDER TO CORRECT BRIEFING DEFECTS

On December 6, 2018, counsel for the appellant filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which she asserts there are no meritorious issues to raise on appeal. However, counsel did not file a motion to withdraw and counsel's letter to appellant is deficient.

Appointed counsel who files an *Anders* brief is required to simultaneously file a motion to withdraw. *See Schulman v. State*, 252 S.W.3d 403 Tex. Crim. App. 2008); *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

When counsel files an *Anders* brief, she is required to include as an exhibit a copy of the letter sent to her client. The letter must: (1) notify appellant that counsel has filed an *Anders* brief and motion to withdraw and enclose copies of the documents, (2) inform appellant of her right to review the appellate record and file a pro se brief, (3) inform appellant of her right to file a pro se petition for discretionary review should the court of appeals determine the appeal is frivolous, and (4) "take concrete measures to initiate and facilitate the process of actuating [appellant's] right to review the appellate record, if that is what [appellant] wishes." *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *Ex parte Owens*, 206 S.W.3d 670674 n. 28 (Tex. Crim. App. 2006); *Meza v. State*, 206 S.W.3d 684 (Tex. Crim. App. 2006). With respect to the last requirement, counsel may either send a copy of the appellate record to her client or advise her client that if she wishes to review the appellate record, she must file a motion in this court within ten days of counsel's letter, requesting access to the record. *See Kelly*, 436 S.W.3d

at 319-20. Counsel must include with her letter a form motion for this purpose, advise her client to sign and date the motion and mail it to this court within ten days, and supply her client with this court's mailing address. *Id.* at 320.

Counsel's letter to her client complies with the first two requirements of *Kelly*. However, it does not inform Pena of her right to file a pro se petition for discretionary review should this court determine the appeal is frivolous. Counsel's letter also does not provide Pena this court's mailing address so that she can file a motion for access to the appellate record.

We therefore **order** appellant's appointed counsel, **Suzanne Kramer**, to file by **December 12, 2018**, a motion to withdraw and a copy of a letter that complies with the requirements of *Kelly*.

Counsel is reminded that her duties of representation do not cease when she files a motion to withdraw; counsel must continue to 'act with competence, commitment and dedication to the interest of the client' until the court of appeals grants the motion. *Schulman v. State*, 252 S.W.3d 403, 410-11 (Tex. Crim. App. 2008) (same); *see also Kelly*, 436 S.W.3d at 319.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of December, 2018.

Keith E. Hottle
Clerk of Court