

# Fourth Court of Appeals
## San Antonio, Texas

October 21, 2021

No. 04-21-00316-CR

**EX PARTE MICHAEL THOMAS PAUL**,

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR1068-W1
Honorable Stephanie R. Boyd, Judge Presiding

# O R D E R

This is an appeal from the denial of relief in a habeas corpus proceeding brought under article 11.072 of the Texas Code of Criminal Procedure. Appellant's court-appointed appellate attorney filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he concluded the record on appeal does not present any arguable, nonfrivolous grounds for appeal. This court held the motion to withdraw in abeyance, sent appellant a copy of the appellate record to appellant, and set a deadline of October 28, 2021, for appellant to file a pro se brief. Appellant has filed a motion seeking additional time in which to file his pro se brief and seeking guidance from this court about how to proceed.

"Lawyers . . . are ethically bound not to bring frivolous appeals." *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.) (citing *McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988)). An indigent appellant is not entitled to appointed counsel if his appeal is wholly frivolous. *Anders v. California*, 386 U.S. 738, 744 (1967). Thus, when appointed appellate counsel has made a conscientious review of the record and decided the appeal is wholly frivolous, counsel must file "a brief referring to anything in the record that might arguably support the appeal," provide the appellant with a copy of this brief and ask this court for permission to withdraw. *Anders*, 386 U.S. at 744.

When counsel has filed a brief pursuant to *Anders* and a motion to withdraw, appellant must be given access to the record and an opportunity to file a pro se brief. *Id.* This pro se brief is appellant's opportunity to help this court decide if the record on appeal raises any arguably meritorious grounds for an appeal. In the pro se brief, appellant may "raise any points that he chooses." *Id.*; *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991).

After the appellant has had an opportunity to file a pro se brief, this court will conduct a "full examination of all of the proceedings, to decide whether the case is wholly frivolous." *Id.* To make this decision, we will review the *Anders* brief filed by appointed counsel, the record on appeal, and any pro se brief filed by the appellant. If our review establishes the appeal is wholly

frivolous, we will grant the attorney's motion to withdraw and affirm the trial court's order. But if our review reveals an arguably meritorious (non-frivolous) ground for appeal, we will appoint another attorney to assist the appellant in arguing the appeal. *Id.*; *see Garner v. State*, 300 S.W.3d 763 (Tex. Crim. App. 2009); *Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005).

We grant appellant's motion for extension of time. If appellant desires to file a pro se brief, we **order** he do so by November 10, 2021.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of October, 2021.

MICHAEL A. CRUZ, Clerk of Court