

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MATTHEW SALAZAR, | § | No. 08-23-00027-CR |
| Appellant, | § | Appeal from the |
| v. | § | 226th Judicial District Court |
| THE STATE OF TEXAS, | § | of Bexar County, Texas |
| State. | § | (TC# 2020CR10126) |

**MEMORANDUM OPINION[1]**

Matthew Salazar appeals a trial court's judgment revoking his deferred adjudication community supervision, adjudicating him guilty of the offense of arson[2] and sentencing him to ten years' of imprisonment and a $1,000 fine.[3] In presenting this appeal, Salazar's counsel has filed an *Anders* brief in support of a motion to withdraw.[4] We grant counsel's motion and affirm the judgment of the trial court.

---

[1] We hear this case on transfer from the Fourth Court of Appeals in San Antonio and apply that court's precedent as required by TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 28.02.

[3] Salazar is also appealing the trial court's judgment in a companion case. In appellate cause No. 08-23-00028-CR, he appeals his conviction of aggravated assault with a deadly weapon.

[4] *Anders v. California*, 386 U.S. 738 (1967).

## I. BACKGROUND

The State indicted Salazar on one count of arson under trial cause number 2020CR10126. The indictment alleged that on July 11, 2020, Salazar, with intent to damage and destroy a vehicle, did start a fire by igniting combustible material with an open flame, knowing that the vehicle was situated within the limits of an incorporated city or town. Salazar was placed on deferred adjudication community supervision in accordance with a plea-agreement he entered with the State. On July 13, 2021, the State filed a motion to enter adjudication of guilt and revoke community supervision. The State alleged two violations of the terms and conditions of Salazar's plea-agreement, namely two counts of assault allegedly occurring on July 11, 2021. Salazar pled "true" to violating a condition of his community supervision. In September of 2022, the trial court revoked Salazar's deferred adjudication community supervision, signed a judgment adjudicating guilt, and imposed a sentence of ten years' confinement and a $1,000 fine.

## II. FRIVOLOUS APPEAL

Salazar's court-appointed appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citations to the record and legal authority, counsel's brief contains a professional evaluation of the record, explains why no arguable points of error exist for review, and concludes that this appeal is frivolous and without merit. *See id.* 744–45; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). The brief meets the requirements of *Anders* as it presents a professional evaluation showing why there is no basis to advance an appeal. *See Anders*, 386 U.S. at 744–75; *High*, 573 S.W.2d at 812–13.

Counsel also provided Salazar with copies of counsel's *Anders* brief and motion to withdraw, as well as a copy of the appellate record, and informed him of his right to review the

record and file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (setting forth duties of counsel). Salazar did not file a motion or a pro se brief.

We have conducted an independent review of the trial record and counsel's brief. We agree that the appeal presents no arguably meritorious grounds for review and the appeal is frivolous. *See Anders*, 386 U.S. at 744; *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We further grant counsel's motion to withdraw. *Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–20. No substitute counsel will be appointed. Should Salazar wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within 30 days from the later of (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

### III.  CONCLUSION

We grant counsel's motion to withdraw and affirm the trial court's judgment.

GINA M. PALAFOX, Justice

June 27, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)